Matthew Shayefar (SBN 289685)
Law Office of Matthew Shayefar, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 323-948-8101 | Fax: 323-978-5556
matt@shayefar.com

Val Gurvits (MA 643572 - *pro hac* forthcoming)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804 | Fax: 617-928-1802
vgurvits@bostonlawgroup.com

Evan Fray-Witzer (MA 564349 - *pro hac* forthcoming)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000 | Fax: 617-423-4855
Evan@CFWLegal.com

*Attorneys for Defendant V.R.S. Virtual Reality Technology Ltd.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOURAINE, INC., <br>      Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> IVAN VARKO, <br>      Defendant <br><br> and <br><br> V.R.S. VIRTUAL REALITY TECHNOLOGY LTD, <br>      Defendant/Counterclaim-Plaintiff. | Case No.: 3:18-cv-02160-BEN-NLS <br><br> **DEFENDANT V.R.S VIRTUAL REALITY TECHNOLOGY LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** <br><br> **Demand for Jury Trial** <br><br> Unlimited Civil Case <br> Trial Date: Not Yet Set |

1

## DEFENDANT V.R.S VIRTUAL REALITY TECHNOLOGY LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant V.R.S. Virtual Reality Technology LTD ("Defendant" or "VRS"), by and through its undersigned counsel of record and for its Answer to the Complaint of Plaintiff La Touraine, Inc.'s ("LTI"), herein states as follows:

### Introduction

1.    Defendant admits that the Complaint purports to involve misuse, infringement and exploitation of intellectual property rights, but denies that those claims have merit or that the Complaint has alleged facts sufficient to state a claim upon which relief can be granted.  The remainder of this paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

2.    This paragraph sets forth legal conclusions and questions of law to which no response is required.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

3.    Denied.

4.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for

2

itself, allegations for which no responses are deemed necessary.  But, to the extent

a response is deemed necessary, Defendant denies the allegations of this paragraph.

5.   Denied.

6.   Denied.

7.   Defendant admits that LTI seeks to recover relief by way of its

Complaint, but denies that LTI is entitled to recovery any relief whatsoever.

## Parties

8.   Defendant is without sufficient knowledge or information to form a

basis as to the truth of the allegations in this paragraph, and on that basis denies the

allegations contained therein.

9.   Defendant admits only that Defendant Varko is an individual.

Defendant denies the remaining allegations of this paragraph.

10.   Defendant admits only that VRS is a company registered in the

Republic of Cyprus, first registered on December 30, 2016.  Defendant admits that

SLR owns and operates an application called "Sex Like Real."  Defendant admits

that Defendant Verko owns VRS.  Defendant denies the remaining allegations of

this paragraph.

## Jurisdiction

11.   This paragraph sets forth legal conclusions and questions of law to

which no response is required, or makes reference to a document that speaks for

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

12.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

13.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

14.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

15.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

## Factual Background

### The Parties Enter into an Affiliate Agreement

16.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

17.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

18.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

19.    This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

20.    This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

21.    This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegation of this paragraph.

22.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

23.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

1   itself, allegations for which no responses are deemed necessary.  But, to the extent

2   a response is deemed necessary, Defendant denies the allegations of this paragraph.

3        24.    Defendant is without sufficient knowledge or information to form a

4   basis as to the truth of the allegations in this paragraph, and on that basis denies the

5   allegations contained therein.

6        25.    Defendant is without sufficient knowledge or information to form a

7   basis as to the truth of the allegations in this paragraph, and on that basis denies the

8   allegations contained therein.

9        **Defendants Approached LTI for a License to Host LTI Content**

10       26.    Denied.

11       27.    Denied.

12       28.    Denied.

13       **LTI Discovers Several Breaches of the Affiliate Agreement**

14       29.    This paragraph sets forth legal conclusions and questions of law to

15   which no response is required, or makes reference to a document that speaks for

16   itself, allegations for which no responses are deemed necessary.  But, to the extent

17   a response is deemed necessary, Defendant is without sufficient knowledge or

18   information to form a basis as to the truth of the allegations in this paragraph, and

19   on that basis denies the allegations contained therein.

20

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

30.     This paragraph makes reference to a document that speaks for itself, and therefore no responses are deemed necessary to such allegations.  But, to the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

31.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

32.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

33.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

**Defendants Willfully Infringed LTI's Trademarks and Copyrights, and Engaged in Fraudulent and Deceptive Business Practices[1]**

---

[1] Defendant use of Plaintiff's headings is not intended to be an admission as to the allegations contained in the heading and shall not be deemed as such.  Defendant in fact denies such allegations, including as set forth in this heading.  Defendant only uses such headings for ease of comparing the Complaint to this Answer.

8

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

34.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

35.     Admitted, except denied to the extent that the referenced trademark registration makes no reference to "adult-themed *websites*."

36.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

37.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

38.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

39.     Denied.

40.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

**Termination of Affiliate Agreement**

41.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

42.     Denied.

43.     Denied.

**Defendants' Ongoing Infringement and Deceptive Business Practices**

44.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

45.     This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

46.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

47.    This paragraph makes reference to a document that speaks for itself, and therefore no responses are deemed necessary to such allegations.  But, to the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

48.    Denied.

49.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

## <u>First Claim for Breach of Contract</u>
**(Against All Defendants)**

50.    Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-49 above as though fully set forth herein.

51.    Denied.

52.    Denied.

53.    This paragraph sets forth legal conclusions and questions of law to which no response is required, or makes reference to a document that speaks for itself, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

54.     Denied.

## Second Claim for Breach of the
## Implied Covenant of Good Faith and Fair Dealing
### (Against All Defendants)

55.     Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-54 above as though fully set forth herein.

56.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

57.     Denied.

58.     Denied.

59.     Denied.

## Third Claim for Direct Copyright Infringement
### (Against All Defendants)

60.     Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-59 above as though fully set forth herein.

61.     Defendant is without sufficient knowledge or information to form a basis as to the truth of the allegations in this paragraph, and on that basis denies the allegations contained therein.

62.     Denied.

63.     Denied.

12

64.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

65.     This paragraph makes reference to a document that speaks for itself, and therefore no responses are deemed necessary to such allegations.  But, to the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

66.     Denied.

67.     Denied.

68.     Denied.

**Fourth Claim for Lanham Act Violation –**
**False Designation of Origin**
**(Against All Defendants)**

69.     Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-68 above as though fully set forth herein.

70.     Denied.

71.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

72.     This paragraph sets forth legal conclusions and questions of law to which no response is required, allegations for which no responses are deemed necessary.  But, to the extent a response is deemed necessary, Defendant denies the allegations of this paragraph.

73.     Denied.

74.     Denied.

75.     Denied.

### Fifth Claim for Lanham Act Violation – Trademark Infringement (Against All Defendants)

76.     Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-75 above as though fully set forth herein.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

### Sixth Claim for Unfair Competition (Against All Defendants)

82.     Defendant repeats, re-responds and incorporated by reference its responses set forth in paragraphs 1-81 above as though fully set forth herein.

83.     Denied.

1    84.    Denied.

2    85.    Denied.

3    86.    Denied.

### General Denial

Each and every allegation of the Complaint not specifically admitted is hereby denied.

### Affirmative Defenses

1.    The allegations and claims in the Complaint, in whole or in part, fail to state a claim upon which relief may be granted.

2.    The Complaint is barred, in whole or in part, by the doctrine of copyright misuse.  Specifically, but without limitation, Plaintiff's filing of this case, putative strategies for protecting its putative copyrights, and general litigation strategies show a clear intent by Plaintiff to use its copyrights for a purpose other than which they were intended.  Specifically, but without limitation, Plaintiff is using its copyrights and this lawsuit as an attempt to force prior business associates to give up their legitimate claims arising from Plaintiffs' own illegitimate business practices, as further set forth in Defendant's counterclaim.

3.    The Complaint is barred, in whole or in part, and Plaintiff is barred from equitable relief, by the doctrine of unclean hands.  Specifically, but without limitation, Plaintiff's filing of this litigation, putative strategies at protective its

15

copyrights, trademarks and business, general litigation strategies, and the actions and omissions as detailed in Defendant's counterclaim, show a clear intent by Plaintiff to use its intellectual property rights and the legal system for purposes other than which they were intended.

4.   Defendants' actions and omissions constitute fair use and, as such, the Complaint, in whole or in part, must fail.  Specifically, but without limitation, any appearance of Plaintiff's putative trademarks and trade names used in conjunction or relation with Plaintiff's actual works constitute traditional fair use and/or nominative fair use.  Furthermore, but without limitation, any use of Plaintiff's putative copyrighted works constituted fair use under 17 U.S.C. § 107.

5.   The Complaint must fail, in whole or in part, because any alleged acts of infringement, which Defendant denies, would have occurred outside the United States of America.

6.   The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that Defendant engaged in the infringement of Plaintiff's intellectual property rights, which Defendant denies, such infringement was unintentional and without knowledge, and therefore Defendant is either not liable for such infringements or the damages that may be obtained against Defendant are limited.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

7.     The Complaint is barred, in whole or in part, because any damages to Plaintiff were not the proximate result of Defendants' actions or omissions. Specifically, but without limitation, Defendant engaged in no conduct or omissions which resulted in any damages to Plaintiff which were a natural, direct and uninterrupted consequence of its actions or omissions.

8.     Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which Defendant denies, any such harm can be fully remedied by monetary damages only.

9.     Plaintiff cannot recover damages from Defendant to the extent that damages alleged by Plaintiff are speculative or uncertain.  Specifically, but without limitation, Plaintiff cannot with any certainty demonstrate that it lost any actual profits from the alleged infringement or that Defendant made any profit attributable directly to the alleged infringement.

10.     Plaintiff cannot recover damages from Defendant to the extent that Plaintiff failed to mitigate its alleged damages.

11.     The Complaint fails in whole or in part because the alleged infringement were neither the result of the actions of Defendant, nor within Defendant's reasonable control.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

12.     Defendant's actions and omissions were permitted by waiver, explicit consent, implicit consent, laches, estoppel, desire and/or the intention of Plaintiff.

13.     The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.  Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between Defendant and Plaintiff or be confused as to the origin, producer or manufacturer of the works, products or services at issue in this litigation.

14.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendant or for any alleged single wrong.  Specifically, but without limitation, Plaintiff has alleged multiple alternative theories of liability against Defendant for the same single alleged wrong, and Plaintiff is not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

15.     To the extent that Plaintiff has any legitimate claims, which Defendant denies, such claims would only serve as an off-set against Defendant's claims.

16.     The Complaint fails, in whole or in part, by Plaintiff's own breach of contract.

17. The Complaint is barred, in whole or in part, on the basis of the statute of limitation.

18. Plaintiff is not entitled to statutory damages and/or attorney fees to the extent that the works alleged to have been infringed were not timely and/or properly registered.

19. The Complaint is barred, in whole or in part, on the basis of a lack of standing.

20. The Complaint is barred, in whole or in part, on the basis that any protectible expression covered by any of Plaintiff's purported copyrights would have been *de minimis*.

21. The Complaint is barred, in whole or in part, on the basis of Plaintiff's failure to comply with all conditions precedent to filing suit.

22. The Complaint is barred, in whole or in part, on the basis that the contract between the parties, to the extent one exists, is in violation of public policy.

23. The Complaint is barred, in whole or in part, on the basis of Plaintiff's state law claims being preempted by the Copyright Act and/or the Lanham Act.

24. The Complaint fails, in whole or in part, because Plaintiff has failed to consider "fair use" prior to the initiation of this action, as required by law.

25.   The Complaint is barred, in whole or in part, but such other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent upon discovery of further information concerning Plaintiff's claims.

**Defendant Demands a Trial by Jury on All Claims so Triable**

**Prayer for Relief**

**WHEREFORE**, Defendant prays for the following relief on the Complaint:

1.   That Plaintiff takes nothing by way of its Claims and the Complaint, that the requested relief in the Complaint be denied, that the Claims and the Complaint be dismissed with prejudice, and that judgment be rendered in favor of Defendant;

2.   That Defendant be awarded its costs, including reasonable attorneys' fees incurred herein, as permitted by law; and

3.   Such other and further relief as the Court deems just and proper.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

## DEFENDANT V.R.S. VIRTUAL REALITY TECHNOLOGY, LTD'S COUNTERCLAIMS AGAINST LTI

For its Counterclaims against Counterclaim-Defendant LTI, Counterclaim-Plaintiff VRS alleges as follows:

### Parties

1.     Counterclaim-Plaintiff V.R.S. Virtual Reality Technology, LTD ("VRS" or "Counterclaim-Plaintiff") is a limited company registered in the Republic of Cyprus.

2.     Counterclaim-Defendant La Touraine, Inc. ("LTI" or "Counterclaim-Defendant") is, upon information and belief, a corporation registered in Nevada with a principle place of business in California.

### Nature of the Counterclaims

3.     LTI engaged in a pattern of unscrupulous, misleading and outright fraudulent business dealings with a former business affiliate, VRS.

4.     LTI first induced VRS to enter into an agreement and business relationship with LTI and then induced VRS to take specific actions and omissions in connection with that business relationship outside the provisions of the agreement.

5.     However, when VRS sought to collect on the money LTI owed it under the terms of the agreement, LTI, in bad faith, refused to make payment and claimed that VRS's actions and omissions were in violation of the agreement,

21

despite the fact that LTI explicitly and implicitly desired, intended and induced VRS to take those actions and omissions.

6.    LTI's actions and omissions, as detailed herein, constitute, *inter alia*, breach of contract, breach of the covenant of good faith and fair dealings, unjust enrichment, fraud, and unlawful and unfair business practices.

## Jurisdiction

7.    This Court has subject matter jurisdiction over the claims in this Counterclaim pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367.

8.    LTI has submitted itself to this Court's jurisdiction, *inter alia*, by way of its Complaint in the present lawsuit.

## Facts

**I.    The Affiliate Relationship**

9.    LTI holds itself out as a producer of adult entertainment videos and the operator of websites where such videos may be viewed by users who purchase subscriptions to the websites.

10.    VRS is the successor-in-interest to an affiliate relationship and agreement first entered into with LTI in 2008.

11.    An affiliate relationship is one in which an affiliate will send users to the operator of a website and the operator of the website compensates the affiliate for the users.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

12.     As used hereinbelow, "VRS" refers to Counterclaim-Plaintiff VRS and its predecessors-in-interest to the affiliate relationship and agreement.

13.     In or about 2008, LTI induced VRS into entering the affiliate relationship with LTI on the promise that LTI would pay VRS 60% of all revenues generated by users that VRS referred to LTI's websites.  These revenues were promised to be paid for the "lifetime" of the referred users.

14.     As part of the affiliate relationship, LTI desired and permitted VRS to distribute clips of LTI's content throughout the Internet.  Such promotion of LTI's content was for the mutual benefit of both VRS and LTI because it would drive traffic (and therefore revenue) to LTI's website and then LTI would share that revenue with VRS.

15.     For many years, this relationship was mutually beneficial to the parties.  VRS was a successful affiliate for LTI, generating hundreds of thousands of dollars in revenue for LTI.

16.     Throughout the relationship, LTI expressed appreciation for the work that VRS would do.

17.     With LTI's permission, VRS used LTI's content (including short clips of LTI's videos that LTI made available to VRS) *exclusively* to promote LTI's websites and no other websites, services or businesses.

V.R.S. Answer and Counterclaim        Case No. 3:18-cv-02160-BEN-NLS

18.     In or about 2015, VRS launched a new website and service called Sex Like Real ("SLR"), where it continued to promote LTI's content with great success.

19.     LTI was in regular contact with VRS on every matter of the affiliate cooperation between the two.  Upon information and belief, LTI's CEO would visit the SLR website on a nearly daily basis because he thought it was such a great and successful product and because he wished that LTI could make the same type of website and service.

20.     On multiple occasions, representatives of LTI even requested that VRS further promote LTI's content on the SLR website.

21.     Over approximately a two-year period of time, the SLR website generated approximately $300,000 in gross sales for LTI.

22.     VRS's work with LTI was obviously important to LTI and LTI actively worked with VRS over the years so that VRS could better promote LTI's content.

23.     As part of this active working relationship between VRS and LTI, LTI induced and explicitly permitted VRS to make use of LTI's promotional materials in ways that were beyond the terms of the affiliate agreement between the parties.

24.     LTI wanted VRS to expand the ways that VRS used LTI's promotional materials because LTI knew that these uses were not only standard

industry practice, but that they would drive significantly more traffic to LTI's websites and therefore result in higher revenues for LTI.

25.   All of the promotional and affiliate work performed by VRS for LTI was done with the knowledge and explicit or implicit consent of LTI.

26.   Upon information and belief, LTI also permitted its other affiliates to do the same promotional and affiliate work that VRS was performing with LTI's knowledge and consent.

27.   Through its conduct and explicit actions, LTI made clear that many of the restrictive terms of the written affiliate agreement relating to promotional activities were not intended to be followed by VRS or LTI's other affiliates.

28.   VRS would not have taken any action outside of the explicit terms of the affiliate agreement without the LTI's consent and in fact did not take any actions outside of the explicit terms of the affiliate agreement except with LTI's consent.

29.   At no time during the relationship, until the middle of 2017, did LTI ever complain about VRS's use of LTI's promotional materials.  Quite to the contrary, as detailed above, LTI was impressed with VRS's website and services and requested that VRS would promote LTI's content even more.

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

## II.     LTI's Breach

30.     Starting in 2016, LTI began to fail to pay VRS its affiliate commissions for revenue that VRS drove to LTI in violation of the affiliate agreement.

31.     Over a period of months, VRS regularly requested that LTI make payment on the outstanding amounts, which quickly grew, by the middle of 2017, to approximately $70,000.  Whenever VRS would request payment, LTI re-assured VRS that payment would be made soon.

32.     VRS soon discovered that LTI was refusing to pay a number of its other affiliates as well and raised with LTI its concerns that it appeared that LTI was intentionally refusing to pay its affiliates and other vendors after having obtained all the benefit from them (i.e., the recurring membership fees from members referred by affiliates, including VRS).

33.     At the same time, VRS also considered obtaining legal counsel to represent it in recouping the unpaid commissions that LTI owed.

34.     Immediately thereafter, LTI issued a notice purporting to terminate the affiliate relationship and, for the first time, making allegations that VRS was violating LTI's copyrights and trademarks.

35.     Prior to the purported termination of the affiliate relationship, over the many years of the relationship, LTI never made any claim or intimation that VRS

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

was failing to comply with the terms of their relationship or that VRS was violating LTI's rights.  These allegations only came up after VRS began demanding that it be paid for all the work it was doing for LTI.

36.     VRS never violated LTI's copyrights and trademarks.  At all times, VRS used LTI's promotional content (including video clips) in compliance with LTI's explicit and implicit instructions, desires and consent and otherwise in accordance with law.

37.     Thereafter, LTI refused to continue to pay VRS's continuing commissions from users referred by VRS.

38.     VRS thereafter retained counsel and, in or about August of 2018, VRS's counsel contacted LTI in order to recover the amount LTI owed to VRS.

39.     Having seen that VRS was determined to recover the amounts owed to it, shortly thereafter LTI filed the present lawsuit in an attempt to bully VRS into walking away from the money it was owed.

40.     As of the date hereof, LTI currently owed VRS over $100,000 in commissions that it has refused to pay.

41.     LTI's actions and omissions as detailed herein constitute a fraudulent and continuing business practice built with the intention and ultimate goal of refusing to pay its affiliates.  As this practice was applied to VRS:

V.R.S. Answer and Counterclaim                    Case No. 3:18-cv-02160-BEN-NLS

a.   LTI induced VRS into entering an affiliate relationship with terms that LTI intended and desired to enforce *only after* it had obtained all the benefits from the affiliate relationship, but which LTI did not desire to enforce and in fact waived prior thereto.

b.   When LTI induced VRS into entering into the affiliate relationship and take actions to benefit LTI, LTI did so with the explicit intent that it would later refuse to make payments to VRS and claim that VRS was violating terms of an agreement when VRS was only doing exactly what LTI asked for and wanted.

c.   When VRS finally decided to take action for LTI's refusal to pay the monies it owed, LTI filed its baseless lawsuit with the sole intention that it would scare VRS away from continuing to pursue its rights.

42.   Upon information and belief, LTI has engaged in this same tactic with numerous other affiliates and vendors, constituting a pattern of deceit and unfair business practices.

## COUNT ONE:
## BREACH OF CONTRACT

43.   VRS realleges and incorporates each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

44.   VRS and/or its predecessor-in-interest entered into an agreement with LTI.

45.    VRS performed all of its duties and obligations under the agreement as modified by the explicit consent of the parties or by the conduct of the parties except those duties and obligations that were waived or excused.

46.    Pursuant to the agreement, LTI is required to pay VRS commissions on LTI's revenues arising from VRS's promotional activities on LTI's behalf.

47.    LTI has breached the agreement by, *inter alia*, failing to pay VRS over $100,000 in commissions to date.

48.    VRS has suffered direct harm and damages as a result of LTI's breach, for which LTI is liable.

**COUNT TWO:**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

49.    VRS realleges and incorporates each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

50.    Implied within the agreement between VRS and LTI is a covenant of good faith and fair dealing, which prohibits either party from unlawfully interfering with the other party's right to receive the benefits of the agreement.

51.    VRS performed all of its duties and obligations under the agreement as modified by the explicit consent of the parties or by the conduct of the parties except those duties and obligations that were waived or excused.

52.    LTI unjustly, unfairly and in bad faith interfered with VRS's benefits that it reasonably anticipated receiving under their agreement.

29

V.R.S. Answer and Counterclaim              Case No. 3:18-cv-02160-BEN-NLS

53.     VRS has suffered direct harm and damages as a result of LTI's actions and omissions, for which LTI is liable.

## COUNT THREE:
## UNJUST ENRICHMENT

54.     VRS realleges and incorporates each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

55.     By engaging in the acts and omissions described herein, LTI has received benefits and unjustly retained those benefits at the expense of VRS.

56.     Specifically, but without limitation, LTI has received the benefits of all of VRS's promotional work on behalf of LTI, but has not paid to VRS any commissions for VRS sending traffic, members and revenue to LTI.

57.     Under the circumstances described herein, it would be inequitable for LTI to retain such benefits without payment for their value to VRS.

58.     LTI has been unjustly enriched by VRS and equity and good conscience requires LTI to make restitution to VRS for the benefits that LTI has inequitably retained from VRS.

## COUNT FOUR:
## FRAUD

59.     VRS realleges and incorporates each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

V.R.S. Answer and Counterclaim                Case No. 3:18-cv-02160-BEN-NLS

60.     LTI made numerous misrepresentations to VRS with the intention that VRS would rely upon them.

61.     Without limitation, LTI represented to VRS that LTI would pay VRS commissions for the promotional work that VRS performed for the benefit of LTI.

62.     Without limitation, LTI represented to VRS that VRS could use its promotional materials in ways that were not explicitly permitted pursuant to the affiliate agreement between the parties, but that were otherwise explicitly or implicitly permitted or consented to by LTI.

63.     LTI's representations were false and LTI knew them to be false when it made them or made them recklessly without knowledge of their truthfulness.

64.     LTI made the false representations with the intent that VRS would reply on them.

65.     VRS justifiably relied on the false representations, including by entering into the affiliate relationship with LTI and engaging in promotional activities for LTI's benefit in accordance with LTI's wishes.

66.     As a direct result, VRS has suffered harm and damages for which LTI is liable.

## COUNT FIVE:
## UNLAWFUL AND UNFAIR BUSINESS PRACTICES

67.     VRS realleges and incorporates each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

31

68.     By its conduct as set forth herein, LTI has willfully or knowingly engaged in fraudulent, deceptive, unlawful, unfair and/or other wrongful acts and practices.

69.     Without limitation, LTI's acts and practices have been in violation of California Business and Professions Code Section 17000 *et seq.*

70.     As a result, VRS has suffered harm and damages for which LTI is liable.

71.     On the basis of LTI's conduct as alleged herein, LTI is also liable for punitive damages.

### VRS Demands a Trial by Jury on All Claims so Triable

### Requested Relief

WHEREFORE, VRS prays for the following relief on the Counterclaim:

1.     Enter judgment for VRS on all Counts of this Counterclaim;

2.     Award VRS damages and losses as determined at trial, including, without limitation, direct damages, consequential damages, punitive damages, attorney's fees, multiple damages, treble damages, interest and costs as may be provided by law in an amount no less than $300,000;

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

3.    Grant VRS such other and further relief as the Court deems just and proper.

LAW OFFICE OF MATTHEW SHAYEFAR, PC


By /s/ *Matthew Shayefar*
    MATTHEW SHAYEFAR
    Attorney for Defendant V.R.S. Virtual Reality
    Technology Ltd.

Dated: November 12, 2018

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on November 12, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Conrad Brently Wilton
Fox Rothschild, LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
cwilton@foxrothschild.com

V.R.S. Answer and Counterclaim          Case No. 3:18-cv-02160-BEN-NLS