1  Lincoln Bandlow (SBN: 170449)
     LBandlow@foxrothschild.com
2  Conrad B. Wilton (SBN: 313348)
     CWilton@foxrothschild.com
3  FOX ROTHSCHILD LLP
4  10250 Constellation Blvd., Suite 900
   Los Angeles, CA 90067
5  Telephone: 310.598.4150
   Facsimile: 310.556.9828
6
7  Attorney for Plaintiff
   LA TOURAINE, INC. *dba* NAUGHTY AMERICA, a
8  corporation

9
10                    **UNITED STATES DISTRICT COURT**
11                    **SOUTHERN DISTRICT OF CALIFORNIA**
12

| 13 | LA TOURAINE, INC., a Nevada corporation *dba* NAUGHTY AMERICA, | Case No.: 3:18-cv-02160-BEN-NLS |
|---|---|---|
| 14 | Plaintiff, | **LTI'S MOTION FOR ADDITIONAL TIME TO PERFECT SERVICE OF PROCESS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 15 | vs. | |
| 16 | | |
| 17 | IVAN VARKO, a Slovenian national *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy," and V.R.S. VIRTUAL REALITY TECHNOLOGY LTD, a Cyprus limited company *dba* SEXLIKEREAL, | **FED. R. CIV. P. 6(b)(1)(A)** |
| 18 | | [Declaration of Conrad B. Wilton, Declaration of Russell Ortiz, and Proposed Order filed herewith] |
| 19 | | |
| 20 | Defendants. | Judge:     Hon. Roger T. Benitez |
| 21 | | Date:      December 17, 2018 |
| 22 | | Time:      10:30 a.m. |
|    | | Courtroom: 5A |

23
24
25
26
27
28

LTI'S MOTION FOR ADDITIONAL TIME TO PERFECT SERVICE OF PROCESS
CASE NO. 3:18-CV-02160-BEN-NLS
78528896.v1

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on December 17, 2018 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Roger T. Benitez, in Courtroom 5A of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, plaintiff La Touraine, Inc. *dba* Naughty America ("LTI") will, and hereby does, move the Court ("Motion") for Additional Time to Perfect Service of Process on defendant Ivan Varko *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy" ("Varko"). Defendant V.R.S. Virtual Reality Technology Ltd. *dba* SexLikeReal ("VRS") has already been personally served. Declaration of Conrad B. Wilton ("Wilton Decl.") ¶ 3; Dkt. No. 5. Varko, VRS' owner and principal, is believed to reside in Slovenia and must be served in accordance with the Hague Convention protocol – a very costly and time-consuming endeavor. *Id*. at ¶ 2. LTI's counsel has repeatedly requested that VRS' counsel accept service of process on Varko's behalf to no avail. *Id*. at ¶¶ 4, 6 & 11; Exs. A & B. Accordingly, LTI requests an appropriate extension of time to serve Varko pursuant to Fed. R. Civ. P. 6(b)(1(A).

This Motion is based on this Notice; the Memorandum of Points and Authorities submitted herewith; the Declaration of Conrad B. Wilton, the Declaration of Russell Ortiz, the papers and pleadings on file herein, the oral arguments of counsel, and such other evidence as may be presented at the Motion hearing.

Dated:  November 16, 2018                   **FOX ROTHSCHILD LLP**

By  */s/ Conrad Wilton*
Lincoln D. Bandlow
Conrad B. Wilton
Attorneys for Plaintiff
LA TOURAINE, INC. *dba* NAUGHTY AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff La Touraine, Inc. *dba* Naughty America ("LTI") brought the above-captioned action on September 17, 2018 against defendants V.R.S. Virtual Reality Technology Ltd. *dba* SexLikeReal ("VRS") and Ivan Varko *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy" ("Varko") (collectively, "Defendants") to recover monetary damages and injunctive relief as a result of Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, willful copyright and trademark infringement, and unlawful business practices.  Declaration of Conrad B. Wilton ("Wilton Decl.") ¶ 2.  VRS was personally served on September 20, 2018 through its registered agent and counsel, the Boston Law Group, PC.  *Id*. at ¶ 3; Dkt. 5.

Varko, however, has apparently not authorized the Boston Law Group or any agent in the United States to accept service on his behalf despite the fact that he is VRS' owner and principal and has actual knowledge of this case.  *Id*. at ¶¶ 2 & 8.  Varko is a foreign national who is believed to reside in Slovenia and, thus, must be served in accordance with the Hague Convention.  *Id*. at ¶ 2.  Service on Varko was not immediately initiated as the parties were engaged in good faith settlement negotiations.  *Id*. at ¶ 5.  On three separate occasions, LTI asked the Boston Law Group, which has been directly in touch with Varko and advising Varko on this matter, whether it could accept service of process on Varko's behalf, but this request was denied.  *Id*. at ¶¶ 4, 6, 8 & 11, Exs. A & B.

On October 22, 2018, having been informed that Varko was actively choosing to make service a more complicated, expensive, and difficult process, LTI's counsel took steps to serve Varko through both the Central Authority in Slovenia and through a private process server in Slovenia.  *Id*. at ¶ 7; Declaration of Russell Ortiz ("Ortiz Decl.") ¶ 2.  The service documents were translated into the Slovene language per Hague Convention protocol, and on November 8, 2018, the service package was dispatched.  Ortiz Decl. ¶¶ 5-6.  Service through the Central Authority generally takes approximately 2-3 months to complete, and service through an international private process server generally takes about 4-6 weeks to complete.  *Id*. at ¶ 4.  These time frames are merely estimates, particularly in light of the fact that service in this case is being attempted during

3

the winter holidays.  Wilton Decl. ¶ 9.  It is likely that serving Varko internationally will exceed the 90-day time period in which a defendant must be served under Fed. R. Civ. P. 4(m).[1]  *Id*. at ¶ 10.  Accordingly, pursuant to Fed. R. Civ. P. 6(b)(1)(A), LTI requests that the deadline to serve Varko be extended to March 8, 2019, which should be sufficient time to perfect service of process.  *Id*. at ¶ 11.  All of this, again, is being done because Varko simply will not agree to accept service of a complaint that he is clearly aware of and has been addressing with his counsel for some time now.

## II.     ARGUMENT

Under Fed. R. Civ. P. 6(b)(1)(A), the Court may for good cause extend a deadline upon a motion or request of a party before the expiration of the deadline to complete the act.  Further, the Court has discretion to dismiss an action for failing to serve a foreign defendant only if plaintiff fails to exercise "reasonable diligence" in prosecuting the action.  *Almog v. Golden Summit Inv'rs Grp., Ltd.*, 2010 WL 11597842, at *3 (C.D. Cal. 2010); *see also Wei v. State of Hawaii*, 763 F. 2d 370, 372 (9th Cir. 1985) (finding good cause generally means that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond its control).

Good cause exists to extend the time by which LTI may perfect service of process as to Varko.  Any delay LTI incurs in serving Varko is due to the parties' good faith settlement negotiations and Varko's refusal to permit VRS' counsel to accept service on his behalf.  LTI diligently asked VRS' counsel to accept and/or waive service on three difference occasions to no avail.  When it appeared that continued litigation was unavoidable, LTI immediately arranged for the service documents to be translated and dispatched pursuant to Hague Convention protocol.  The time it takes for the Central Authority in Slovenia and the private process server to receive the documents and effect service during the holiday season is entirely outside LTI's control.  Moreover, Varko has

---

[1] Fed. R. Civ. P. 4(m) expressly excludes international service from the 90-day requirement, so the service deadline here should be extended beyond 90 days.

actual notice of this action and will not be prejudiced by any delay in service.[2]  Wilton Decl. ¶ 8.  To the contrary, he has been actively engaged with his attorneys, which represent his company VRS, has communicated directly with LTI about this lawsuit, and has demonstrated a desire to aggressively litigate this case by filing an answer and counterclaims on VRS' behalf (Dkt. No. 6), effectively putting this action at issue.  *Id*.  Yet, Varko insists on increasing LTI's attorneys' fees and costs and delaying the timely adjudication of this action by not accepting service through his U.S.-based attorneys.  Allotting LTI the time necessary to serve Varko permits the case to proceed with all necessary parties and promotes judicial economy, as a dismissal of LTI's claims against Varko would require LTI to later attempt to join Varko to this case or sue him in a separate and largely duplicative action.

### III.   CONCLUSION

Good cause exists to grant this Motion.  LTI respectfully requests an extension to March 8, 2019 to perfect service of process on Varko.

Dated:  November 16, 2018                           Respectfully submitted,

**FOX ROTHSCHILD LLP**

By   */s/ Conrad B. Wilton*
     Lincoln D. Bandlow
     Conrad B. Wilton
     Attorneys for Plaintiff
     LA TOURAINE, INC. *dba* NAUGHTY AMERICA

---

[2]  If Varko were to be prejudiced in some way by untimely service, he could authorize an agent to waive and/or accept service of process on his behalf or accept service himself, but Varko has chosen to stand idle and force LTI to undergo great expense to serve him in a lawsuit in which he is already actively participating.