Lincoln Bandlow (SBN: 170449)
 LBandlow@foxrothschild.com
Conrad B. Wilton (SBN: 313348)
 CWilton@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Plaintiff
LA TOURAINE, INC. *dba* NAUGHTY AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOURAINE, INC., a Nevada corporation *dba* NAUGHTY AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IVAN VARKO, a Slovenian national *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy," and V.R.S. VIRTUAL REALITY TECHNOLOGY LTD, a Cyprus limited company *dba* SEXLIKEREAL,<br><br>Defendants. | Case No.: 3:18-CV-02160-BEN-NLS<br><br>**PLAINTIFF'S MOTION TO DISMISS THE FOURTH AND FIFTH COUNTERCLAIMS, AND TO STRIKE THE SECOND AFFIRMATIVE DEFENSE ALLEGED BY DEFENDANT VIRTUAL REALITY TECHNOLOGY LTD.**<br><br>**FED. R. CIV. P. 12(b)(6); 12(f)**<br><br>[Declaration of Conrad B. Wilton and [Proposed] Order filed concurrently herewith]<br><br>Judge: Hon. Roger T. Benitez<br>Date: January 22, 2019<br>Time: 10:30 a.m.<br>Courtroom: 5A |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 22, 2019 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Roger T. Benitez, in Courtroom 5A of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, plaintiff La Touraine, Inc. *dba* Naughty America ("LTI") will, and hereby does, move the Court to Dismiss the Fourth and Fifth Counterclaims of defendant V.R.S. Virtual Reality Technology Ltd. *dba* SexLikeReal ("VRS") for fraud and unfair business practices, respectively, and to Strike VRS' Second Affirmative Defense for copyright misuse ("Motion"). VRS has failed to state with particularity LTI's alleged fraud and unfair (*i.e.*, fraudulent) business practices as required by Fed. R. Civ. P. 9(b). Further, VRS' affirmative defense of copyright misuse is wholly insufficient. It fails to plead any specific facts indicating how LTI is using its copyrights to restrain competition in the adult-film industry. Rather, VRS roots its charge for copyright misuse on baseless speculation that LTI filed this action for the sole purpose of inducing VRS to abandon its claim for alleged overdue commission payments. Putting its falsity aside, even if such an allegation were true, it is not the appropriate subject of a copyright misuse claim or defense.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Conrad B. Wilton and supporting exhibit thereto, the papers and pleadings on file herein, the [Proposed] Order, the oral arguments of counsel, and such other evidence as may be presented at the Motion hearing.

Dated: December 3, 2018          **FOX ROTHSCHILD LLP**

By: */s/ Conrad Wilton*
Lincoln D. Bandlow
Conrad B. Wilton
Attorneys for Plaintiff
LA TOURAINE, INC. *dba* NAUGHTY AMERICA

# TABLE OF AUTHORITIES

I.  INTRODUCTION ................................................................................................1

II. ILEGAL STANDARD .........................................................................................3

    A.  Motion To Dismiss ....................................................................................3

    B.  Motion To Strike .......................................................................................3

III. ARGUMENT .......................................................................................................4

    A.  VRS' Fraud Counterclaim Falls Far Short of Rule 9's Heightened Pleading Standard ...............................................................................4

    B.  VRS' Unfair Business Practices Counterclaim Falls Short of Rule 9 And Fails As A Matter Of Law .................................................................6

    C.  VRS' Copyright Misuse Affirmative Defense Is Wholly Insufficient And Inapplicable To This Action ..............................................................7

    D.  VRS' Fraud And Unfair Business Practices Counterclaims, And Defense For Copyright Misuse Should Be Dismissed/Struck Without Leave To Amend ........................................................................................9

IV. CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  239 F. 3d 1004 (9th Cir. 2001) .............................................................................. 7

*Allen v. City of Beverly Hills*,
  911 F. 367 (9th Cir. 1990) ..................................................................................... 9

*Anticancer Inc. v. Xenogen Corp.*,
  248 F.R.D. 278 (S.D. Cal. 2007) ........................................................................... 3

*Apple Inc. v. Psystar Corp.*,
  658 F. 3d 1150 (9th Cir. 2011) .............................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................... 3

*Atkins v. Astrue*,
  2011 WL 1335607 (N.D. Cal. 2011) ..................................................................... 9

*Barnes & Noble, Inc. v. LSI Corp.*,
  849 F. Supp. 2d 925 (N.D. Cal. 2012) ................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 3

*Dahon N. Am., Inc. v. Hon*,
  2012 WL 1413681 (C.D. Cal. 2012) ..................................................................... 5

*Disney Enter., Inc. v. VidAngel, Inc.*,
  2017 WL 6883685 (C.D. Cal. 2017) ..................................................................... 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F. 3d 1048 (9th Cir. 2003) .............................................................................. 9

*Fantasy, Inc. v. Fogerty*,
  984 F. 2d 1524 (9th Cir. 1993) (overruled on other grounds) .............................. 4

*Hamilton v. Quinonez*,
  2015 WL 1238245 (E.D. Cal. 2015) ..................................................................... 4

ii

LTI'S MOTION TO DISMISS AND STRIKE                    CASE NO. 3:18-CV-02160-BEN-NLS

78360929.v1


*Jun-En Enter. v. Lin*,
    2013 WL 12126098 (C.D. Cal. 2013) ........................................................................ 7

*Kearns v. Ford Motor Co.*,
    567 F. 3d 1120 (9th Cir. 2009) ............................................................................. 4, 6

*Oracle USA, Inc. v. Rimini St., Inc.*,
    879 F. 3d 948 (9th Cir. 2018) .................................................................................. 8

*Practice Mgmt. Info. Corp. v. AMA*,
    121 F. 3d 516 (9th Cir. 1997) .................................................................................. 7

*Prof'l Choice Sports Med. Prod., Inc. v. Eurow & O'Reilly Corp.*,
    2014 WL 524007 (S.D. Cal. 2014) .......................................................................... 6

*State of Cal. ex rel. State Lands Comm'n v. U.S.*,
    512 F. Supp. 36 ........................................................................................................ 4

*UMG Recordings, Inc. v. MP3.Com, Inc.*,
    92 F. Supp. 2d 349 (S.D.N.Y. 2000) ........................................................................ 8

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,
    135 F. 3d 658 (9th Cir. 1998) .................................................................................. 3

**Statutes**

17 U.S.C. § 106 ............................................................................................................ 7, 8

17 U.S.C. § 501 ................................................................................................................ 9

Constitution and the Copyright Act ................................................................................. 8

Copyright Act ............................................................................................................ 2, 11

Lanham Act ...................................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 9(b) ................................................................................................. 1, 4, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 3

Fed. R. Civ. P. 12(f) ..................................................................................................... 3, 4

Fed. R. Civ. P. 15(a) ........................................................................................................ 9

iii

Local Rule 5.1 ................................................................................................... 11

Local Rule 5.1(j) and (m) ................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff La Touraine, Inc. *dba* Naughty America ("LTI") respectfully submits this Memorandum of Points and Authorities in support of its motion ("Motion") to dismiss the Fourth and Fifth Counterclaims of V.R.S. Virtual Reality Technology Ltd. *dba* SexLikeReal ("VRS") for fraud and unfair business practices, respectively, and to strike VRS' Second Affirmative Defense for copyright misuse.

## I. INTRODUCTION

In its Counterclaim, VRS tellingly does not deny exploiting LTI's intellectual property and exceeding the bounds of the parties' affiliate agreement ("2008 Agreement"). Rather, to justify its egregious misconduct, VRS hatched a conspiracy theory that LTI fraudulently represented to VRS that VRS had permission to breach the 2008 Agreement and engage in rampant wholesale infringement of LTI's intellectual property, and that VRS would somehow be free to do so with impunity. Yet, VRS does not, and cannot, plead any specifics of these "false representations," such as who made them, how were these representations communicated, when did these communications occur, to whom were the representations made, and what was actually communicated. Simply concluding that someone speaking on behalf of LTI at some time in some way communicated a message to someone representing VRS that VRS could engage in this misconduct is not enough to satisfy basic notice pleading requirements, let alone the heightened pleading standard set forth by Fed. R. Civ. P. 9(b). Further, VRS' allegation that LTI is engaged in "unlawful and unfair business practices" by asserting "baseless lawsuits" against VRS and other affiliates for copyright infringement to avoid paying commissions is wholly insufficient. VRS does not, and cannot, name any of these lawsuits LTI is supposedly waging in bad faith, and fails to name any of these affiliates that LTI is alleged to be defrauding. This claim falls well below what Fed. R. Civ. P. 9(b) requires.

Finally, VRS has failed to allege any factual matter that, if true, would constitute copyright misuse. VRS bases its second affirmative defense on the contention that LTI initiated the instant action purportedly to induce VRS into abandoning its purported claims for overdue commission payments. This is simply false. LTI's direct claim for copyright infringement stems from the rampant and wholesale infringement of 152 of LTI's registered works, which VRS and defendant Ivan Varko *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy" ("Varko") exploited to promote their own content and that of third parties across Varko's network of websites, and resumed this exploitation for over a year after LTI terminated the 2008 Agreement for cause. Defendants' infringement went so far as to grant false and unauthorized "licenses" of LTI's materials to third-party tube sites which could then further exploit LTI's works with impunity, gravely compromising LTI's brand and business operations.

In light of Defendants' unbridled disregard for LTI's intellectual property rights, LTI seeks remedies expressly permitted by the Copyright Act: actual damages, statutory damages and injunctive relief. LTI has not leveraged this suit to obtain anything beyond what the Copyright Act permits, and LTI is doing exactly what a diligent copyright owner should do: sue for willful, blatant, and wholesale infringement of its works. Claiming a straightforward copyright infringement action constitutes a misuse of the very copyrights that are alleged to be infringed turns the Copyright Act on its head and essentially leaves copyright holders with no remedy to protect their works.

Accordingly, VRS' counterclaims for fraud and unfair business practices should be dismissed, and VRS' second affirmative defense for copyright misuse should be struck – all without leave to amend.

## II. ILEGAL STANDARD

### A. Motion To Dismiss.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the well-pled allegations of the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F. 3d 658, 661 (9th Cir. 1998). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). This requires more than "threadbare recitals of the elements of a cause of action" supported by just "labels and conclusions." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding on a motion to dismiss courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")). A plaintiff must plead the circumstances, occurrences, and events in support of its claim presented to afford the defendant fair notice of the charges faced. *Bell Atl. Corp.*, *supra* at 555 (*citing* 5 Wright & Miller, Federal Practice and Procedure § 1216, at 94, 95). "[A] statement of facts that merely creates a suspicion of a legally cognizable right of action" is not enough. *Id.*

### B. Motion To Strike.

Under Fed. R. Civ. P. 12(f), a court may strike from a pleading an insufficient affirmative defense. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012). Though not decided by the Ninth Circuit, most courts have held that the *Ashcroft/Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief. *Id.* (*citing Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (finding the "vast majority of courts" have extended the heightened pleading standard of plausibility to affirmative defenses)); *see also Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding "parties must demonstrate a plausible

entitlement to relief in all pleadings, including claims, counterclaims, cross-claims, third party claims, and separate affirmative defenses."). Further, the function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds); *see also State of Cal. ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 ("[W]here the motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken.").

On a motion to strike, a court must treat as admitted all material factual allegations underlying the challenged defenses and make all reasonable presumptions that can be drawn therefrom. *Id*. at 39 (citations omitted). However, neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. *Hamilton v. Quinonez*, 2015 WL 1238245, at * 2 (E.D. Cal. 2015) (citations omitted). After identifying the non-conclusory factual allegations, a court must determine whether these allegations, if true and construed in the light most favorable to the defendant, "plausibly establish that the plaintiff has no right to recovery." *Id*.

### III. ARGUMENT

#### A. VRS' Fraud Counterclaim Falls Far Short of Rule 9's Heightened Pleading Standard.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1125 (9th Cir. 2009).

In support of its counterclaim for fraud, VRS alleges that LTI made "false representations" to VRS which caused VRS to reasonably believe it could use LTI's

copyrighted materials and trademarks in ways that exceeded the 2008 Agreement but "were otherwise explicitly or implicitly permitted or consented to by LTI." Counterclaim at ¶¶ 62, 64.[1] VRS references these "false representations" at multiple times in its Counterclaim (*e.g.*, ¶¶ 23, 27), but it fails to specify who made these representations, when these representations were made, how these representations were communicated, to whom they were made, and the content of these purported communications. Instead, VRS simply concludes that an unidentified individual representing LTI at an unidentified time somehow communicated with an unidentified individual representing VRS an unidentified message that VRS interpreted to mean that it could engage in widespread rampant infringement of LTI's copyrights and trademarks in clear violation of intellectual property law and in breach of multiple provisions of the 2008 Agreement. Such a claim does not meet the basic notice pleading requirements of Rule 8, let alone the particularity pleading requirements set forth in Rule 9.

---

[1] VRS' counterclaim for fraud actually conflates two separate fraud allegations, neither of which was pled with sufficient particularity. In addition to the alleged "false representations" related to the copyrighted materials and trademarks, VRS also bases its counterclaim for fraud on LTI's 2008 representation that it would pay VRS commissions for promotional work which VRS performed for LTI's benefit and LTI's subsequent refusal to pay. Counterclaim at ¶ 61; Declaration of Conrad B. Wilton ("Wilton Decl.") ¶ 3. In other words, VRS is claiming fraud in the inducement to enter the 2008 Agreement based on unknown material representations. VRS again fails to specify the content of such representations, how and when they were made, who at LTI made such false representations, and to whom they were made. VRS fails to even specify who entered into the 2008 Agreement with LTI, instead leaving it as some unknown predecessor-in-interest to VRS. VRS must meet the specificity requirements for both allegations of fraud contained in its counterclaim. Further, putting aside the falsity of the allegation, at most it gives rise to a claim for breach of contract which VRS already asserts. VRS cannot recover under two different causes of action based on duplicative facts. *See, e.g., Dahon N. Am., Inc. v. Hon*, 2012 WL 1413681, at *10 (C.D. Cal. 2012) (dismissing unfair competition claim based on same facts as Lanham Act claim).

Accordingly, VRS' fraud claim should be dismissed.

### B. VRS' Unfair Business Practices Counterclaim Falls Short of Rule 9 And Fails As A Matter Of Law.

VRS' claim for unlawful and unfair business practices is based entirely on LTI's allegedly "fraudulent" business practices and, thus, is subject to scrutiny under Rule 9.[2]  Counterclaim at ¶ 41.  It falls well short of this heightened pleading requirement.  VRS alleges LTI has engaged in a practice of bringing baseless actions against multiple affiliates for copyright and trademark infringement to "bully" the affiliates to abandon claims for unpaid commissions.  Counterclaim at ¶¶ 39-42.  However, VRS has failed to name one affiliate or vendor (other than itself) that fell victim to this alleged scheme, nor could VRS name any lawsuit LTI has initiated against another affiliate to escape commission payments on the pretext of copyright infringement.  Rather, VRS concludes that LTI is engaging in these activities on a grand scale but pleads no factual matter supporting this sweeping allegation.  A claim for fraudulent business practices in federal court requires more factual support than the equivalent of "It happened to me so it must be happening to others in the exact same way."  This is especially true when claims of fraudulent business practices are asserted given the serious reputational harm such allegations can inflict, regardless of their veracity.  *See Prof'l Choice Sports Med. Prod., Inc. v. Eurow & O'Reilly Corp.*, 2014 WL 524007, at *3 (S.D. Cal. 2014) (recognizing key goals of Rule 9 are to "protect those whose reputation would be harmed as a result of being subject to fraud

---

[2] Fraud is not a necessary element of a claim for unfair business practices, however allegations of fraud may be relied on as the basis for such a claim.  Where a claimant elects to do so, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading … as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns, supra* at 1125 (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1103-04 (9th Cir. 2003)).

charges" and "prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.").

Moreover, even if VRS' claim for unfair business practices was adequately pled (which it is not), VRS' allegations do not state a claim upon which relief may be granted. VRS fails to plead that LTI's conduct allegedly defrauding its affiliates somehow violates public policy, causes injury to consumers, and/or deceives the public. *See Jun-En Enter. v. Lin*, 2013 WL 12126098, at *8 (C.D. Cal. 2013) (*citing McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006) (finding a business practice must violate public policy or injure consumers to be "unfair," and a "fraudulent" business practice must be "likely to deceive the public.")). Indeed, the word "public" never even appears in VRS' Counterclaim.

Accordingly, VRS' claim for unfair business practices should be dismissed.

### C. VRS' Copyright Misuse Affirmative Defense Is Wholly Insufficient And Inapplicable To This Action.

A party claiming copyright misuse must show the copyright holder is using the monopoly of rights provided by 17 U.S.C. § 106 to "secur[e] an exclusive right or limited monopoly not granted by the Copyright Office." *A&M Records, Inc. v. Napster, Inc.*, 239 F. 3d 1004, 1026 (9th Cir. 2001) (citations omitted). In other words, copyright misuse necessitates a finding that the copyright holder used its rights to restrain the development of competing products. *Disney Enter., Inc. v. VidAngel, Inc.*, 2017 WL 6883685, at *9 (C.D. Cal. 2017) (*citing e.g., Practice Mgmt. Info. Corp. v. AMA*, 121 F. 3d 516 (9th Cir. 1997)).[3] Conversely, a plaintiff who seeks to control the reproduction and distribution of its copyrighted works is not misusing its copyrights, rather, it is appropriately *enforcing* its copyrights. *Id.* at 1027; *Apple Inc.*

---

[3] *Practice Mgmt.* is the only Ninth Circuit decision to uphold a copyright misuse defense, and it involved a copyright licensor that prevented licensees from using a competing product. *Disney Ent., Inc., supra* at *9.

*v. Psystar Corp.*, 658 F. 3d 1150, 1159 (9th Cir. 2011) (finding copyright misuse prevents holders from using the conditions to "stifle competition" but not to control the use of copyrighted material); *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F. 3d 948, 957 (9th Cir. 2018) (same); *see also UMG Recordings, Inc. v. MP3.Com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000) (holding "a [copyright holder's] exclusive rights, derived from the Constitution and the Copyright Act, include the right, within broad limits, to curb the development of such a derivative market by refusing to license a copyrighted work or by doing so only on terms the copyright owner finds acceptable.").

LTI seeks to protect its copyrights from widespread wholesale infringement by filing suit against the parties who have committed this infringement. This action constitutes nothing more than a wholly proper action to control the reproduction and distribution of LTI's copyrighted works – which are exclusive rights of copyright holders. *See* 17 U.S.C. § 106. In no way can LTI's suit be considered an attempt to restrain the production of competing adult films and related products. Even if LTI filed suit against VRS and other business associates (as VRS falsely claims) to induce them to abandon claims for unpaid commissions, VRS does not plead (nor could it) how filing suit to avoid a private debt to a business affiliate somehow inhibits the market for adult entertainment.[4] To the contrary, prosecuting the widespread infringement of Defendants' exploitation of LTI's intellectual property promotes the interests of all adult film producers who seek to protect their copyrighted works from

---

[4] VRS contends LTI is using this lawsuit and its copyrights to force VRS and other business associates to abandon "legitimate" claims for unpaid commissions. Dkt. 6 (Answer) at ¶ 2. Yet, VRS tellingly fails to name any other lawsuit (and no such lawsuit exists) in either its answer or counterclaims which LTI has waged against a business associate to purportedly dodge commission fees. In other words, VRS has pled no factual matter that evidences this alleged scheme but, rather, simply speculates that LTI is mistreating its partners on a grand scale. Such baseless speculation should be disregarded by this Court and stricken from VRS' Counterclaim.

rouge affiliates operating in utter disregard for the laws of intellectual property. It also helps reduce consumer confusion in the marketplace by cracking down on Defendants' unauthorized use of LTI's works in ways that imply a false connection between Defendants' brand and LTI's content.

In sum, VRS' affirmative defense for copyright misuse accuses LTI of misusing its copyrights by suing to protect those same rights against infringement – an action expressly authorized and squarely within the scope of 17 U.S.C. § 501. This defense cannot stand.

### D. VRS' Fraud And Unfair Business Practices Counterclaims, And Defense For Copyright Misuse Should Be Dismissed/Struck Without Leave To Amend.

When determining whether leave to amend a pleading should be granted under Fed. R. Civ. P. 15(a), courts ordinarily consider 1) bad faith on the part of the pleading party, 2) undue delay on the part of the pleading party, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F. 367, 373 (9th Cir. 1990). All factors need not be present to deny leave to amend, but prejudice to the opposing party is the most determinative. *Atkins v. Astrue*, 2011 WL 1335607, at *3 (N.D. Cal. 2011); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

Any attempt to amend VRS' fraud counterclaim will be futile and needlessly escalate litigation expenses for both parties. In the parties' meet-and-confer teleconference, VRS' counsel contended that LTI's alleged "false representation" is the parties' 2008 Agreement and argued that LTI's purported misrepresentation of its intent not to abide by the 2008 Agreement constitutes fraud. Wilton Decl. ¶ 3. However, the fraud which VRS has pled consists of LTI purportedly encouraging VRS to breach the 2008 Agreement and infringe LTI's rights. Counterclaim at ¶¶ 23, 27. VRS' counsel appeared unable to identify any communication in which LTI

instructed and/or permitted VRS to exceed the bounds of the 2008 Agreement and exploit LTI's intellectual property.  Wilton Decl. ¶ 3.  Thus, if given a chance to amend, LTI anticipates VRS would simply assert the 2008 Agreement itself to be the fraudulent representation, yet no facts exist which could be pled to trigger a plausible inference that LTI entered into the 2008 Agreement with no intention that either party adhere to it.[5]  This very action for breach of contract squarely contradicts such an argument, and that LTI waited to enforce its rights under the 2008 Agreement in the hope that the parties could reach a resolution outside of court, if anything, signals good faith.  It does not shed any light on LTI's intent upon entering into the 2008 Agreement.

Further, any attempt to amend VRS' counterclaim for unfair business practices will fail and needlessly waste the time and resources of LTI and this Court.  It is undisputed that the business practices about which VRS complains have no impact whatsoever on consumers or the public at large.  Rather, VRS is attempting to transform a private dispute between an adult entertainment company and a rogue affiliate into a pseudo-class action in which LTI is alleged to have defrauded a series of unidentified affiliates and vendors by filing a series of unidentified lawsuits.  Such a claim, regardless of its veracity, unfairly jeopardizes the legitimacy of LTI's business while situating VRS to triple its alleged damages because of the harm LTI allegedly caused to independent third parties.  No amendment to this cause of action, aside from converting it into a *bona fide* class action suit, could elevate it over the high Rule 9 bar.

---

[5] By VRS' own admission, the 2008 Agreement was "mutually beneficial to the parties" "for many years" and LTI only began to fall behind in payments "starting in 2016."  Counterclaim ¶¶ 15, 30.  It is simply not plausible that LTI planned to, and in fact did, perform under a contract for approximately eight years only to induce the other party's successor-in-interest to breach that same contract.

Finally, as outlined above, VRS' copyright misuse defense is wholly inapplicable to the facts in this action. As a matter of law, LTI cannot be guilty of misusing its copyrights by doing nothing else but filing an action for copyright infringement seeking remedies expressly made available under the Copyright Act. Under no set of facts can this case be construed as a means of stifling the market for competing works or inhibiting the lawful activities of other adult film companies. Moreover, permitting amendment would significantly prejudice LTI and this Court. It would open another round of briefing, cause LTI additional expense to extinguish a meritless defense, waste judicial resources, and needlessly delay adjudication of this action.[6]

## IV. CONCLUSION

For the foregoing reasons, VRS' counterclaims for fraud and unfair business practices should be dismissed without leave to amend. Additionally, VRS' affirmative defense for copyright misuse fails as a matter of law and should be struck without leave to amend.

Respectfully submitted,

Dated: December 3, 2018        **FOX ROTHSCHILD LLP**

By /s/ Conrad Wilton
Lincoln D. Bandlow
Conrad B. Wilton
Attorneys for Plaintiff
LA TOURAINE, INC. dba NAUGHTY AMERICA

---

[6] At minimum, VRS should be required to refile its Answer and Counterclaim in compliance with Local Rule 5.1. VRS' pleadings are confusingly combined into one document, and its Counterclaim lacks a title page and caption in violation of Local Rule 5.1(j) and (m).