Lincoln Bandlow (SBN: 170449)
Conrad B. Wilton (SBN: 313348)
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828
LBandlow@foxrothschild.com
CWilton@foxrothschild.com

*Attorneys for Plaintiff*
*La Touraine, Inc. dba Naughty America*

Matthew Shayefar (SBN: 289685)
**LAW OFFICE OF MATTHEW SHAYEFAR, PC**
925 N La Brea Ave.
West Hollywood, CA 90038
Telephone: 323.948.8101
Fax: 323.978.5556
Matt@shayefar.com

*Attorneys for Defendant V.R.S. Virtual Reality Technology Ltd. and Ivan Varko*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOURAINE, INC., a Nevada corporation *dba* NAUGHTY AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>IVAN VARKO, a Slovenian national *aka* John Deiz, John Daizy, John Deig, Alex Novak, and "Daizzzy," and V.R.S. VIRTUAL REALITY TECHNOLOGY LTD, a Cyprus limited company *dba* SEXLIKEREAL,<br><br>       Defendants. | Case No.: 3:18-cv-02160-BEN-NLS<br><br>**FRCP 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:       Hon. Roger T. Benitez<br>Magistrate: Hon. Nita L. Stormes<br><br>Case Management Conference<br>Date:   February 22, 2019<br>Time:   10:00 a.m.<br>Place:   Courtroom 5A |

Plaintiff La Touraine, Inc. *dba* Naughty America ("LTI") and Defendant V.R.S. Virtual Reality Technology, Ltd. ("VRS"),[1] by and through their respective counsel of record, hereby submit this FRCP 26(f) Report and Joint Case Management Statement pursuant to the Court's Order of January 8, 2019 (Dkt. No. 16).

## 1. Jurisdiction and Service:

LTI's Position:

Subject matter jurisdiction exists over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.  VRS has answered and counterclaimed (Dkt. No. 6) and, thus, has submitted to the personal jurisdiction of California.  Personal jurisdiction also exists over Varko, as he intentionally entered into a contract with LTI, a California party, and this dispute arises out of that contract.  Further, the contract contains a mandatory forum selection clause in which the parties expressly consent to the personal jurisdiction of California for all actions arising out of or in connection with the contract.  Varko was also personally served in Los Angeles, CA on January 15, 2019 at the XBiz Show, a trade conference he attends annually.

VRS's Position:

VRS acknowledges this Court's subject matter jurisdiction over Plaintiff's breach of contract claim and VRS' counterclaims.  However, VRS disputes that there is subject matter jurisdiction over Plaintiff's Copyright Act and Lanham Act claims on the basis that none of the alleged unlawful acts occurred within the United States.  VRS expects that Defendant Ivan Varko, a foreign individual, may move to dismiss the action against him for lack of personal jurisdiction.

## 2. Facts:

LTI's Summary:

This case involves the willful and rampant infringement of LTI's valuable

---

[1] Although Defendant Ivan Varko has been served in this action, he has not made an appearance yet; and so, he does not join in this statement.

1

1  copyrighted works and trademarks, which Defendants exploited for their own
2  financial gain.  In 2008, Varko entered into an affiliate agreement ("Affiliate
3  Agreement") with LTI under which he was provided a limited license to use certain
4  clips of LTI's adult film content (the "Licensed Content") for the *sole purpose* of
5  marketing LTI's subscriptions, products, and services in exchange for which Varko
6  would be paid a sales commission.  In 2015, Varko launched VRS, and VRS
7  thereafter assumed the obligations under the Affiliate Agreement.

8       The Affiliate Agreement expressly provides, among other things, that:  the
9  Licensed Content was to be used for the exclusive purpose of advertising, marketing,
10 or promoting LTI's online services and products; any unauthorized access or use of
11 the Licensed Content would be a material breach and intentional infringement of
12 LTI's intellectual property rights; Defendants could not rent, lease, or transfer any
13 rights in the Licensed Content; Defendants could not misrepresent their contractual
14 relationship with LTI; and Defendants could not make any use of LTI's images,
15 content, or promotional materials to promote and/or link to any other site.

16      LTI discovered, however, that Defendants had been operating far outside the
17 bounds of the Affiliate Agreement.  Rather than using LTI's copyrighted content and
18 trademarks exclusively to promote and drive traffic to LTI's websites, as the
19 agreement requires, Defendants began using LTI's Licensed Content to funnel traffic
20 towards Defendants' products and third-party virtual reality content.  In all,
21 Defendants engaged in the unauthorized use and display of 152 of LTI's works.  As a
22 result, LTI promptly demanded that Defendants cease this infringement and come
23 back into compliance with the Affiliate Agreement.  Defendants did not do so, in fact,
24 Defendants expanded their efforts to exploit LTI's copyrighted videos to promote the
25 SexLikeReal ("SLR") application and third-party content.  LTI terminated the
26 Affiliate Agreement and sent a formal notice to this effect.  In response, Defendants
27
28

2

1  admitted that their use of LTI's content was improper and falsely represented it was
2  no longer available on Defendants' websites.
3  Almost a year after the Affiliate Agreement had terminated, LTI located clips of
4  at least 88 of LTI's copyrighted videos on various third-party tube sites. By uploading
5  LTI's content to these sites, Defendants agreed to grant rights to LTI's content that far
6  exceeded those granted in LTI's license to Defendants. LTI also observed Defendants
7  passing off LTI's works as their own and exploiting LTI's trademarks "NAUGHTY
8  AMERICA VR" and "REAL TEENS VR" to market Defendants' products.
9  VRS's Summary:
10  Plaintiff LTI has engaged in a pattern of unscrupulous, misleading, and outright
11  fraudulent business dealings with a former business affiliate, Defendant VRS. LTI
12  first induced VRS to enter into a non-exclusive agreement and business relationship
13  with LTI and then induced VRS to take specific actions and omission in connection
14  with that business relationship outside the provisions of the agreement. The parties
15  worked together for years in a mutually-beneficial manner, where VRS promoted
16  LTI's content to LTI's significant profit and LTI paid VRS a commission for VRS'
17  work.
18  However, as their relationship progressed and as VRS' separate activities began
19  to threaten LTI's, when VRS sought to collect on the money that LTI owed it under
20  the terms of the agreement, LTI, in bad faith, refused to make payment and claimed
21  that VRS' actions and omissions were in violation of the agreement and an
22  infringement of LTI's rights, despite LTI explicitly and implicitly desiring, intending
23  and inducing VRS to take those actions and omissions. LTI fabricated its claims for
24  the sole purpose of withholding over $100,000 in commissions and to damage the
25  business of what it now sees as a competitor.
26  LTI's actions and omissions constitute a fraudulent and continuing business
27  practice built with the intention, and ultimate goal, of refusing to pay its affiliates like
28

3

1  VRS.

2  **3.  Legal Issues:**

3  <u>LTI's Position:</u>

4  It is premature at this time to list the legal issues raised by this case because the pleadings framing the action remain unsettled. Nevertheless, as asserted in LTI's complaint (Dkt. No. 1), Defendants breached multiple provisions of the Affiliate Agreement and the implied covenant of good faith and fair dealing, committed rampant and willful copyright infringement of LTI's works, falsely designated the origin of LTI's goods, intentionally infringed LTI's trademarks, and engaged in fraudulent and unfair business practices.

Defendants filed a counterclaim (Dkt. No. 6) against LTI for breach of the Affiliate Agreement, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud, and unlawful and unfair business practices. LTI has moved to dismiss Defendants' fraud and unfair business practice claims. LTI has also moved to strike Defendants' affirmative defense asserting copyright misuse.

<u>VRS' Position:</u>

VRS agrees that it is premature to list all legal issues raised by the case. Nonetheless, VRS anticipates that significant legal issues in this case will include (1) the personal jurisdiction of this court over Mr. Ivan Varko, (2) whether the United States Copyright Act and Lanham Act can have extra-territorial reach to the Defendants who are domiciled and operate outside of the United States, (3) the doctrine of Copyright Misuse, (4) fair use under 17 U.S.C. § 107, (5) waiver of contract terms, (6) the unclean hands of LTI, (7) the traditional/descriptive fair use doctrine for trademarks, and (8) the nominative fair use doctrine for trademarks.

**4.  Motions:**

LTI filed a motion (Dkt. No. 10) for an extension of time to serve Varko under the Hague Convention to March 8, 2019 which was granted but is now moot because

4

Varko was personally served in Los Angeles on January 15, 2019. LTI also moved to dismiss VRS' fraud and unfair competition claims, and to strike VRS' copyright misuse affirmative defense ("MTD") (Dkt. No. 12). The MTD was originally scheduled to be heard in January, but the parties submitted a joint motion (Dkt. No. 13) to continue the hearing to best accommodate Defendants' counsel's schedule. The Court issued an order (Dkt. No. 14) granting the joint motion and continuing the MTD hearing to March 11, 2019. Defendants' counsel has indicated that it is likely that Varko may file a motion to dismiss for lack of personal jurisdiction, and both parties intend to file motions for summary judgment after the close of discovery.

**5.  Amendment of Pleadings:**

No amendments are anticipated at this time, though LTI may amend, if it discovers evidence of further infringement of its works and trademarks. Defendants may also amend depending on what is learned in discovery and how the Court rules on LTI's pending MTD. Given that the pleadings in this case are unsettled and no substantive discovery has been conducted on the merits, the deadline for amending the pleadings should not be set earlier than six months following the Case Management Conference.

**6.  Evidence Preservation:**

All parties, through their respective counsel, have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action. All parties have taken or will take all necessary steps to preserve relevant evidence, including all text messages between the parties and other electronically stored information.

**7.  Disclosures:**

LTI and VRS exchanged initial disclosures on or before February 8, 2019, as ordered by the Court (Dkt. No. 16), and both parties' disclosures appear full and complete.

8. **Discovery:**

   The parties have conducted a Fed. R. Civ. P. 26(f) conference. The parties at this time do not anticipate any special or evidentiary problems pertaining to discovery, and do not believe that any changes to the discovery rules are necessary. Notwithstanding this, LTI anticipates this case may involve discovery taking place in Slovenia where Varko is believed to reside; and the parties hope to reach agreements pertaining to the timing and method of conducting such discovery without requiring court intervention. Further, the parties anticipate submitting a stipulated confidentiality order to the Court.

9. **Class Actions:**

   Not applicable.

10. **Related Cases:**

    The parties are not aware of any related cases or proceedings at this time.

11. **Relief:**

    LTI's Position:

    Defendants' widespread infringement has significantly harmed LTI's online footprint and directly undercut LTI's market for its valuable works. LTI seeks monetary damages for Defendants' breach of the Affiliate Agreement and the covenant of good faith and fair dealing, an amount that cannot be ascertained at this time before discovery. LTI further seeks actual damages in an amount to be proven at trial or statutory damages for Defendants' willful copyright infringement amounting to $150,000 per each of LTI's 152 works Defendants infringed, or $22,800,000, pursuant to 17 U.S.C. § 504(c)(2). Even if Defendants can demonstrate, contrary to the evidence, that their infringement was not willful, Defendants are still liable for statutory damages amounting to approximately $30,000 per work infringed, or $4,560,000, pursuant to 17 U.S.C. § 504(c)(1).

1      LTI further seeks monetary damages and treble statutory damages for
2  Defendants' intentional trademark infringement and false designation of origin
3  pursuant to 15 U.S.C. § 1117(b), as well as restitution and disgorgement of profits for
4  Defendants' unfair competition.  LTI also seeks equitable relief under 17 U.S.C.
5  § 502(a) and 15 U.S.C. § 1116(a) to enjoin Defendants from engaging in any further
6  infringement of LTI's intellectual property, false advertising, and unfair competition.

7      <u>VRS' Position:</u>

8      VRS seeks monetary damages for LTI's breach of the affiliate agreement and
9  the covenant of good faith and fair dealings for LTI's failure to pay VRS its lifetime
10 commissions under the agreement.  The amount of damages is to be calculated based
11 on the affiliate agreement, but is, in general terms, to be a percentage of all revenues
12 received by LTI arising from VRS' efforts.

13     VRS also seeks monetary damages for unjust enrichment in an amount that
14 cannot be ascertained at this time before discovery.  VRS however expects that
15 discovery will show the amount of benefit LTI has retained from VRS' efforts on its
16 behalf and will seek for the recovery of same.

17     VRS also seeks monetary damages for fraud and unlawful and unfair business
18 practices, including punitive damages and other damages that may be awarded
19 thereunder in an amount to be determine following the close of discovery and trial.

20     VRS explicitly reserves the right to amend its position on damages, as
21 discovery and litigation in this matter proceed and additional facts are brought to light.

22 **12.   <u>Settlement and Mediation:</u>**

23     The parties have engaged in settlement communications and continue to do so
24 as of the date of the filing of this report.  Both parties remain interested in exploring
25 settlement, including the possibility of mediation.

26 **13.   <u>Consent to Magistrate Judge for All Purposes:</u>**

27     The parties do not consent to use of the magistrate judge in this matter for all

28

7

1 purposes.

2 **14.   Other References:**

3 The parties believe this action is not appropriate for referral to binding
4 arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

5 **15.   Narrowing of Issues:**

6 The parties agree that any efforts to narrow the issues at this time will be
7 premature, pending a ruling on LTI's MTD and the finalization of the pleadings.  The
8 parties further expect the issues to be narrowed by motion practice (*i.e.*, summary
9 judgment) after conducting further discovery.

10 **16.   Scheduling:**

11 In light of the fact that Varko was only recently served and that the pleadings
12 are not yet settled, as well as the parties' desire to engage in mediation and/or a
13 settlement conference to potentially resolve this matter before commencing lengthy
14 discovery, the parties stipulate and hereby propose the following schedule and
15 deadlines:

16 - Fact discovery deadline:  October 25, 2019
17 - Exchange expert witness disclosures and reports:  November 15, 2019
18 - Rebuttal expert witness disclosures and reports:  December 20, 2019
19 - Expert discovery deadline:  January 13, 2020
20 - Dispositive motion filing deadline:  February 21, 2020
21 - *Daubert* motion filing deadline:  March 6, 2020
22 - Pretrial conference:  June 12, 2020
23 - Trial:  August 17, 2020

24 **17.   Trial:**

25 LTI and VRS have requested a jury trial.  The parties estimate a 5-7 day trial.

26 **18.   Disclosure of Non-Party Interested Entities or Persons:**

27 VRS filed its Notice of Party with Financial Interest in connection with its Fed.

28

8

1  R. Civ. P. 7.1 Disclosure Statement (Dkt. No. 7) stating to its knowledge that no non-
2  parties have a financial interest in the outcome of this case.  LTI filed its Notice of
3  Party with Financial Interest (Dkt. No. 17), also stating to its knowledge that no non-
4  parties have a financial interest in the outcome of this case.

**19.  Professional Conduct:**

All attorneys of record for the parties have reviewed Civil Local Rule 83.4 on Professionalism.

**20.  Miscellaneous:**

The parties have no other issues to raise with the Court at this time.

Dated:  February 8, 2019            **FOX ROTHSCHILD LLP**

By: */s/ Conrad B. Wilton*  
Lincoln D. Bandlow  
Conrad B. Wilton  
Attorneys for Plaintiff  
La Touraine, Inc. *dba* Naughty America

Dated:  February 8, 2019            **LAW OFFICE OF MATTHEW SHAYEFAR, PC**

By: */s/ Matthew Shayefar*  
Matthew Shayefar  
Attorneys for Defendants V.R.S. Virtual Reality Technology Ltd. and Ivan Varko