# Exhibit 1

| | |
|---|---|
| 1 | Matthew Shayefar (SBN 289685)<br>Law Office of Matthew Shayefar, PC |
| 2 | 925 N La Brea Ave<br>West Hollywood, California 90038 |
| 3 | Tel: 323-948-8101 \| Fax: 323-978-5556<br>matt@shayefar.com |
| 4 | |
| 5 | Val Gurvits (MA 643572 - *pro hac* forthcoming)<br>Boston Law Group, PC |
| 6 | 825 Beacon Street, Suite 20<br>Newton Centre, Massachusetts 02459 |
| 7 | Tel: 617-928-1804 \| Fax: 617-928-1802<br>vgurvits@bostonlawgroup.com |
| 8 | Evan Fray-Witzer (MA 564349 - *pro hac* forthcoming)<br>Ciampa Fray-Witzer, LLP |
| 9 | 20 Park Plaza, Suite 505<br>Boston, Massachusetts 02116 |
| 10 | Tel: 617-426-0000 \| Fax: 617-423-4855<br>Evan@CFWLegal.com |
| 11 | |
| 12 | *Attorneys for Defendant V.R.S. Virtual Reality Technology Ltd.* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 14 | LA TOURAINE, INC.,<br>    Plaintiff/Counterclaim-Defendant, | Case No.: 3:18-cv-02160-BEN-NLS |
| 15 | | |
| 16 | vs. | **DEFENDANT V.R.S. VIRTUAL REALITY TECHNOLOGY LTD'S INITIAL DISCLOSURES** |
| 17 | IVAN VARKO,<br>    Defendant | |
| 18 | and | Unlimited Civil Case<br>Trial Date: Not Yet Set |
| 19 | V.R.S. VIRTUAL REALITY<br>TECHNOLOGY LTD, | |
| 20 |     Defendant/Counterclaim-Plaintiff. | |
| 21 | | |

1       Defendant V.R.S. Virtual Reality Technology Ltd. ("VRS") by and through its undersigned counsel, hereby submits its Initial Disclosures Pursuant to Rule 26(a) of the Federal Rules of Civil procedure. VRS reserves the right to supplement these disclosures.

      By making these disclosures, VRS does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does VRS waive its right to object, on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection, to production of any document or tangible thing disclosed. Rather, VRS's disclosures represent a good faith effort to identify information it reasonably believes is discoverable and which may be used to support its claims or defenses as required by Rule 26(a)(1).

      VRS's disclosures are made without waiving, in any way: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) its right to object on any and all proper grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. To the extent VRS believes some of the below categories of documents in their possession, custody, and/or control contain confidential commercial and/or trade secret information, such documents will be produced only

pursuant to a protective order appropriately limiting the use, control, disclosure, and ultimate disposition of the data and information therein.

All of the following disclosures are made subject to the above objections and qualifications. All of the following disclosures may be further supplemented as VRS's discovery, investigation and analysis continues.

## I.     Individuals Likely to Have Discoverable Information

VRS discloses that the following persons or entities may have discoverable information that VRS may use to support its claims and defenses (other than solely for impeachment), including the subject of that information and (where known) the contact information for such person or entity.

1.     Crystal R. Titgen, employee/accountant for Plaintiff, regarding Plaintiff's refusals to make payments, the basis therefore and communications with VRS.

2.     Scott Maio, marketing manager for Plaintiff, regarding Plaintiff providing marketing materials to VRS and encouraging VRS to promote Plaintiff's content.

3.     Mike "P," affiliate manager for Plaintiff, regarding Plaintiff proving marketing materials to VRS and encouraging VRS to promote Plaintiff's content.

4.     Kevin Kachman, former legal counsel for Plaintiff, regarding Plaintiffs' business activities and refusals to make payments to VRS.

    5.    Andreas Hronopoulos, Chief Executive Officer of Plaintiff, regarding discussions between Plaintiff and VRS about their relationship and Plaintiff's encouragement of VRS's activities.

    6.    George Hronopoulos a/k/a "Mr. H", executive/owner of Plaintiff, regarding Plaintiff's business practices.

    7.    George Siakotus, regarding Plaintiff's business practices.

    8.    Ivan Varko, c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton Centre, MA 02459, regarding VRS's business and the relationship and history between VRS and Plaintiff.

## II.   Categories and Location of Relevant Documents

The following categories of documents and tangible things are in the possession, custody, and control of VRS, and may be used by VRS to support its claims and defenses in this litigation:

    1.    Communications between VRS and Plaintiff.

    2.    Documents relating to the amounts Plaintiff owes VRS.

    3.    Documents relating to VRS's business.

## III.   Computation of Damages

VRS seeks monetary damages for LTI's breach of the affiliate agreement and the covenant of good faith and fair dealings for LTI's failure to pay VRS its lifetime commissions under the agreement. The amount of damages is to be calculated based on the affiliate agreement, but is, in general terms, to be a

1 percentage of all revenues received by LTI arising from VRS's efforts. By the end
2 of 2017, these damages totaled approximately $86,000. While the actual amounts
3 due depend on documents and information in the custody of Plaintiff, VRS was
4 expecting commissions of at least $30,000 in 2018.

5     VRS also seeks monetary damages for unjust enrichment in an amount that
6 cannot be ascertained at this time before discovery. VRS however expects that
7 discovery will show the amount of benefit LTI has retained from VRS's efforts on
8 its behalf and will seek for the recovery of the same.

9     VRS also seeks monetary damages for fraud and unlawful and unfair
10 business practices, including punitive damages and other damages that may be
11 awarded thereunder in an amount to be determine following the close of discovery
12 and trial.

13     VRS explicitly reserves the right to amend its calculation of damages as
14 discovery and litigation in this matter proceed and additional facts are brought to
15 light.

16 **IV.   Insurance Agreements**

17     No insurance agreements under which an insurance business may be liable
18 to satisfy all or part of a possible judgment in this action or to indemnify or
19 reimburse for payments made to satisfy the judgment are known of by VRS.

20

21

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By /s/ *Matthew Shayefar*
MATTHEW SHAYEFAR
Attorney for Defendant V.R.S. Virtual Reality Technology Ltd.

Dated: February 8, 2019

# CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the service list below on February 8, 2019.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Conrad Brently Wilton
Fox Rothschild, LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
cwilton@foxrothschild.com