1  Matthew Shayefar (SBN 289685)
2  Law Office of Matthew Shayefar, PC
   925 N La Brea Ave
3  West Hollywood, California 90038
   Tel: 323-948-8101 | Fax: 323-978-5556
4  matt@shayefar.com
5
6  Val Gurvits (*pro hac vice*)
   Boston Law Group, PC
7  825 Beacon Street, Suite 20
   Newton Centre, Massachusetts 02459
8  Tel: 617-928-1804 | Fax: 617-928-1802
9  vgurvits@bostonlawgroup.com
10
   *Attorney for Defendants*
11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOURAINE, INC.,<br>    Plaintiff<br><br>vs.<br><br>IVAN VARKO, and<br>V.R.S. VIRTUAL REALITY<br>TECHNOLOGY LTD,<br>    Defendants | Case No.: 3:18-cv-02160-BEN-NLS<br><br>**MOTION TO DISMISS BY<br>DEFENDANT IVAN VARKO<br>FOR LACK OF PERSONAL<br>JURISDICTION** |
| V.R.S. VIRTUAL REALITY<br>TECHNOLOGY LTD.,<br>    Counterclaim-Plaintiff,<br><br>vs.<br><br>LA TOURAINE, INC.,<br>    Counterclaim-Defendant | Judge:     Hon. Roger T. Benitez<br>Date:       April 22, 2019<br>Time:       10:30am<br>Courtroom: 5A |

i

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 22, 2019, at 10:30am, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Roger T. Benitez, in Courtroom 5A of the above-captioned Court, located at 221 West Broadway, San Diego, California 92101, Defendant Ivan Varko will, and hereby does, move the Court to dismiss the Complaint of Plaintiff La Touraine, Inc. as against him pursuant to Federal Rule of Civil Procedure 12(b)(2) on the basis that the Court does not have personal jurisdiction over Mr. Varko.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Ivan Varko filed concurrently herewith, all pleadings, documents and other records on file with the Court, the oral arguments of counsel, and such other and further evidence and arguments as the Court shall permit.

Dated: March 13, 2019

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By /s/ *Matthew Shayefar*
MATTHEW SHAYEFAR

BOSTON LAW GROUP, PC

By /s/ *Valentin Gurvits*
VALENTIN GURVITS
(*pro hac vice*)

Attorneys for Defendant Ivan Varko

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................. iii

TABLE OF AUTHORITIES ....................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

Facts Relevant to Jurisdiction ............................................... 1

Argument ..................................................................... 7

   I.   Legal Standard ....................................................... 7

   II.   The Complaint Must be Dismissed as to Mr. Varko Because the Court Lacks Personal Jurisdiction Over Him. ................................... 7

      A.   The Sole Basis for Jurisdiction Over Mr. Varko Alleged in the Complaint is Contradicted by the Complaint Itself: Mr. Varko Ceased Being a Party to the Affiliate Agreement Before any of the Alleged Wrongful Acts ............................................................ 7

      B.   Exercise of Jurisdiction Over Mr. Varko Would Otherwise Be Unconstitutional ..................................................... 9

Conclusion ................................................................... 14

CERTIFICATE OF SERVICE ...................................................... 16

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*,
    551 F.2d 784 (9th Cir. 1977) ............................................................7

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) .....10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..........................................13

*Calder v. Jones*, 465 U.S. 783 (1984) ...................................................................10

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) .....................13

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ...........................10

*Doe v. Unocal Corp*, 248 F.3d 915 (9th Cir. 2001) .................................................7

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003) ................................................... 10, 12

*Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1984)........................................11

*Leroy-Garcia v. Brave Arts Licensing*,
    2013 WL 4013869 (N.D. Cal. Aug. 5, 2013) ...............................................11

*M.T. v. Metro. Interpreters and Translators, Inc.*,
    2014 WL 228327 (S.D. Cal Jan. 21, 2014) .................................................11

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995)..............10

*Panavision International, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)10, 12, 13

*Panterra Networks, Inc. v. Convergence Works, LLC*,
    2009 WL 4049956 (N.D. Cal. Nov. 20, 2009).........................................8, 9

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ....................... 7, 10, 12

*Rush v. Savchuk*, 444 U.S. 320 (1980)...................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...........10

*Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986)......................................................7

*Sinatra v. National Enquirer*, 854 F.2d 1191 (9th Cir. 1988) ................................10

*Subafilms, Ltd. v. MGM-Pathe Communications Co.*,
    24 F.3d 1088 (9th Cir. 1994) ......................................................................1

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) ...................................7

**Statutes**

Cal. Code Civ. Proc. § 410.10 ..................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(2)........................................................................1, 14

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

## MEMORANDUM OF POINTS AND AUTHORITIES

In the present case, Plaintiff La Touraine, Inc. ("LTI"), a Nevada corporation, has brought suit against Defendant V.R.S. Virtual Reality Technology Ltd. ("VRS"), a Republic of Cyprus company and one of its managers, Mr. Ivan Varko, a Ukrainian national who lives in Slovenia, for alleged actions taken on a network of websites operated entirely from Slovenia and entirely outside of the United States.  What is lacking in the present action (and particularly as it relates to Mr. Varko), is any relevant or substantial connection to the United States (and particularly the Southern District of California) that could possibly justify the exercise of personal jurisdiction over Mr. Varko consistent with the Due Process clause of the United States Constitution.[1]  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), Defendant Ivan Varko moves for the dismissal of the Complaint filed by LTI against him.

In support of this Motion, Mr. Varko states as follows:

### Facts Relevant to Jurisdiction

Plaintiff LTI is a Nevada corporation.  Complaint, ¶ 8.  LTI allegedly owns and operates adult entertainment websites and is the owner of certain copyrights to the adult materials displayed at those websites which it seeks to have promoted by affiliates through what is called an affiliate program.  Complaint, *passim*.  In the Complaint, LTI alleges that its intellectual property rights have been infringed, and that its "Affiliate Agreement" has been breached, through one such affiliate called the "Daizzzy" network and through an application called SexLikeReal, both of

---

[1] Defendant VRS expects that it will bring a motion during the course of this litigation to dismiss all copyright and trademark claims against it under United States law because none of the allegedly infringing acts set forth in the Complaint occurred within the United States.  *See*, *e.g.*, *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) ("[W]e reaffirm that the United States copyright laws do not reach acts of infringement that take place entirely abroad.").

Varko Motion to Dismiss                          Case No. 3:18-cv-02160-BEN-NLS

which are operated by Defendant VRS.  Complaint, ¶¶ 1-7.  LTI also alleges that Mr. Varko is liable for all the causes of action set forth in the Complaint.  *Id.*, *passim*.

Mr. Varko was born in Ivanivka Village in the district of Ternopil in what was at the time the Ukrainian Soviet Socialist Republic.  Declaration of Ivan Varko ["Varko Decl."], filed herewith, ¶ 2.  Mr. Varko is a citizen of Ukraine.  *Id.*  Mr. Varko lived in Ukraine until July of 2014, when he moved to Slovenia with his family to pursue business.  *Id.*, ¶ 3.  He has lived in Slovenia since July of 2014 and he currently lives in the city of Ljubljana, Slovenia.  *Id.*

Mr. Varko is a manager of VRS, which owns a variety of online business ventures, including an affiliate network and a virtual reality video service called Sex Like Real ("SLR").  *Id.*, ¶ 4.  VRS as a company was opened in or about December of 2016.  *Id.*, ¶ 5.  Prior to VRS, Mr. Varko was also involved in affiliate networks through other entities, including Infomediji d.o.o., a Slovenian company.  *Id.*, ¶¶ 6, 11.

At all times, substantially all of the work that Mr. Varko has ever done relating to affiliate networks or VRS, or anything else, he has done from Ukraine (while he was living there) or Slovenia (since he moved there in July of 2014).  *Id.*, ¶ 7.  Mr. Varko currently works in an office in Ljubljana, Slovenia.  *Id.*, ¶ 8.

One affiliate program that Mr. Varko was involved in was the Naughty America affiliate program operated by LTI.  *Id.*, ¶ 9.  In his capacity as a manager of the "Daizzzy" network of websites, in 2008 he signed up for Daizzzy to be a part of the Naughty America affiliate program.  *Id.*  When he signed up for the Naughty American affiliate program for Daizzzy in 2008, the "Naughty Revenue Affiliate Agreement" that is attached as Exhibit A to the Complaint in this matter was not the document to which Daizzzy agreed.  *Id.*, ¶ 10.  Nonetheless, in or about July of 2014, when he moved to Slovenia, the affiliate relationship between

Daizzzy and LTI was transferred to another business entity called Infomediji d.o.o., a Slovenian company, which operated the affiliate network for Daizzzy and which became the contracting party for LTI under the affiliate relationship. *Id.*, ¶ 11. Thereafter, when VRS was formed in December of 2016, VRS took over the affiliate network and became the contracting party for LTI under the affiliate relationship. *Id.*, ¶ 12.

Accordingly, at *no* times relevant to issues set forth in the Complaint, and certainly at no time later than July of 2014, was Mr. Varko personally operating the Daizzzy affiliate network or personally performing any of the alleged breaches or infringements that LTI alleges occurred. *Id.*, ¶ 13. The affiliate network that LTI alleges was violating LTI's rights and breaching the affiliate program's terms were owned and operated by the companies (e.g., Infomediji and VRS) – ***not Mr. Varko***. *Id.*

Mr. Varko did not personally engage in any of the unlawful actions that LTI alleges occurred on the Daizzzy network or the SLR application. Contrary to the allegations of Paragraph 31 of the Complaint, at no time did Mr. Varko ever use any of LTI's intellectual property to direct users to SLR, nor did he ever direct any person to do so. *Id.*, ¶ 14. Contrary to the allegations of Paragraph 36 of the Complaint, at no time did Mr. Varko ever upload any of LTI's intellectual property to Pornhub, xHamster.com, av2all.com, Thumbzilla.com, CarambaTube.tv, 16Honeys.com, PinkClips.mobi, iPornTV.net or any other tube sites, nor did he ever direct any person to do so. *Id.*, ¶ 15. Contrary to the allegations of Paragraph 38 of the Complaint, at no time did Mr. Varko ever make any links or buttons stating "NaughtyAmerica VR" that lead users to any pages within VRPornUpdates.com, nor did he ever direct anyone to do so. *Id.*, ¶ 16. Mr. Varko does not own or operate www.VRPornUpdates.com. *Id.* Contrary to the allegations of Paragraph 49 of the Complaint, at no time did Mr. Varko ever

purchase any search engine keywords that incorporate any of LTI's trademarks, nor did he ever direct any person to do so. *Id.*, ¶ 18.

Any communications Mr. Varko had with LTI were on behalf of VRS in his capacity as a manager for VRS, and not in his personal capacity. *Id.*, ¶ 17.

Mr. Varko also has essentially no connections to the United States or California (whether directly or through VRS). Mr. Varko has never lived in the United States. *Id.*, ¶ 19. Mr. Varko has only visited the United States for trade shows one or two times a year since January of 2016 solely in connection with technological and business matters for VRS's SLR application, and not in connection with any affiliate networks he has been involved with. *Id.* Neither Mr. Varko nor VRS have ever had any employees in the United States (including California). *Id.*, ¶ 22. Neither Mr. Varko nor VRS have ever had any bank accounts in the United States (including California). *Id.*, ¶ 23. Neither Mr. Varko nor VRS have ever had any offices in the United States (including California). *Id.*, ¶ 24. Neither Mr. Varko nor VRS have ever owned or leased any real estate in the United States (including California). *Id.*, ¶ 25. Neither Mr. Varko nor VRS have ever paid any income taxes in the United States (including California) nor have they ever filed tax returns in the United States (including California). *Id.*, ¶ 26. Mr. Varko has never engaged in any persistent conduct in California or the United States. *Id.*, ¶ 27. Mr. Varko has never derived revenue from services that he rendered in California or the United States. *Id.*, ¶ 28. Mr. Varko has never had an agent for service of process in California or the United States. *Id.*, ¶ 29. Mr. Varko never intended to subject himself to the jurisdiction of the courts of California or the United States. *Id.*, ¶ 30.

At no time has Mr. Varko personally ever used any hosting service in the United States for any purpose, including the affiliate network that LTI alleges violated its rights. *Id.*, ¶ 20. Currently, VRS's primary hosting provider is the

German company Hetzner.de. *Id.* None of LTI's promotional content that was being shared as part of the Daizzzy affiliate network was ever hosted on servers located within the United States (including California). *Id.*, ¶ 21.

Because Mr. Varko does not own or operate the affiliate network or the SLR application that LTI alleges violated its rights, Mr. Varko does not directly personally benefit from any off the acts LTI alleges violated LTI's rights in the Complaint. *Id.*, ¶ 31. Even by LTI's allegations, LTI acknowledges this very fact itself in the Complaint, when it states that Mr. Varko operated as LTI's affiliate via the Daizzzy Network "From in or around 2008 through June of 2015" and that by July of 2015 it was VRS that was referring traffic and sales to LTI. Complaint, ¶¶ 24-25.

The Complaint also acknowledges that Mr. Varko was not himself engaging in the unlawful acts that purportedly entitle LTI to any relief. All of the facts alleged in the Complaint that LTI alleges violated LTI's rights are actions that took place no earlier than 2015, when LTI alleges itself that VRS assumed the operations of the Daizzzy network and obligations under the Affiliate Agreement. Complaint, ¶ 20 ("In 2015, Varko launched SLR, and SLR thereafter assumed the obligations under the Affiliate Agreement and consequently became a party thereto."), ¶¶ 24-25 (claiming that Defendants' affiliate network began to provide significant amounts of traffic to LTI starting in July of 2015), and ¶ 26 ("In or around August 2016, SLR changed its business model....").[2]

---

[2] Of course, given that the Complaint was filed on September 17, 2018, the statutes of limitations for LTI's claims are three or four years at most depending on the claim, and accordingly LTI could not be making any claims for any of Mr. Varko's alleged actions or omissions prior to September 17, 2014 any way. Accordingly, Mr. Varko explicitly reserves his right to bring a motion for failure to state a claim pursuant to Rule 12(c) or otherwise on this basis in the event that this Court does not dismiss Mr. Varko for lack of personal jurisdiction.

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

By LTI's own allegations, the decline in joins referred by VRS that supposedly corresponded with Defendants' allegedly unlawful acts occurred sometime between December 2016 and May 2017.  *Id.*, ¶ 29.  This again occurred *after* LTI itself alleges that VRS assumed the operations of the Daizzzy networks and the affiliate relationship in July of 2015.  *Id.*, ¶¶ 20, 24-25.  *See*, *also*, Complaint, ¶ 31 (allegation that LTI found non-compliance with Affiliate Agreement in July of 2017).

In almost every instance in which LTI alleges Mr. Varko performed any action, it refers to him as the collective "Defendants," which includes VRS and which confirms that Mr. Varko was not taking any of the alleged actions himself but for the Daizzzy network and the SLR application that LTI itself alleges were operated by VRS at the time.  *See*, *e.g.*, Complaint, ¶ 29 ("*Defendants* had begun to use LTI's Licensed Content to funnel traffic towards the *SLR App*...."), ¶ 32 ("[B]y strategically placing prominent links to the *SLR App* and third-party products next to displays of LTI's works, *Defendants* created the false impression...."), ¶ 36 ("*Defendants* strategically placed the brand "Powered by SexLikeReal" at the end of the works' titles to make it appear as if *SLR* produced ... these titles."), ¶ 45 ("LTI discovered that *Defendants'* infringing use of LTI's copyrights and trademarks across the *Daizzzy Network* continued...."), and ¶ 52 ("*Defendants* breached the Affiliate Agreement by....").

In the two places that the Complaint actually mentions Mr. Varko by name directly taking any allegedly unlawful action, it is still in connection with the work he was doing for VRS and not for himself personally.  Complaint, ¶ 31 ("Varko had made additional changes throughout the Daizzzy Network to further use LTI's valuable intellectual property....") and ¶ 39 (claiming that the website

VRPornUpdates.com is part of the Daizzzy network, which LTI alleged is operated by VRS, while contradictorily claiming that Mr. Varko operates it).[3]

**Argument**

## I.      Legal Standard

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). *See*, *also*, *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "The court may consider evidence presented in affidavits to assist in its determination...." *Doe v. Unocal Corp*, 248 F.3d 915, 922 (9th Cir. 2001). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

## II.     The Complaint Must be Dismissed as to Mr. Varko Because the Court Lacks Personal Jurisdiction Over Him.

### A.     The Sole Basis for Jurisdiction Over Mr. Varko Alleged in the Complaint is Contradicted by the Complaint Itself: Mr. Varko Ceased Being a Party to the Affiliate Agreement Before any of the Alleged Wrongful Acts

LTI makes only one argument as to why it believes that this Court has personal jurisdiction over Mr. Varko: "Personal jurisdiction exists over Varko because he deliberately contracted with a party in California and this dispute arises

---

[3] LTI's failure to allege any unlawful acts engaged in by Mr. Varko personally also presents another basis upon which the Complaint against Mr. Varko may be dismissed. Accordingly, Mr. Varko explicitly reserves his right to bring a motion for failure to state a claim pursuant to Rule 12(c) or otherwise on this basis in the event that this Court does not dismiss Mr. Varko for lack of personal jurisdiction.

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

out of that contract.  Further, jurisdiction is proper pursuant to the parties' Affiliate Agreement in which both parties 'agree and consent to personal jurisdiction in the State of California for all actions or proceedings arising in connection with this Affiliate Agreement.'"  Complaint, ¶ 12.

However, as the Complaint also plainly states, VRS "assumed the obligations of the Affiliate Agreement," which is the basis upon which LTI alleges personal jurisdiction over VRS.  *Id.*, ¶ 13.  *See*, *also*, Complaint, ¶ 20 ("In 2015, Varko launched SLR, and SLR thereafter assumed the obligations under the Affiliate Agreement and consequently became a party thereto."), ¶¶ 24-25 (VRS took over affiliate program relationship in July of 2015).  Accordingly, even by LTI's own allegations in the Complaint, it is alleging personal jurisdiction over Mr. Varko through a contract that Mr. Varko was not a party to since June of 2015 at the latest.  And, in reality, Mr. Varko had actually not been a party to the Affiliate Agreement since July of 2014.  Varko Decl., ¶¶ 11-13.  Because Mr. Varko was not a party to the Affiliate Agreement at any of the times that LTI is alleging that the "Defendants" engaged in wrongful acts, he cannot be subject to the personal jurisdiction of this Court on the basis of the Affiliate Agreement.[4]

The case *Panterra Networks, Inc. v. Convergence Works, LLC*, 2009 WL 4049956 (N.D. Cal. Nov. 20, 2009), presented a very similar issue as in this case. There, a dispute arose out of a contract between Plaintiff PanTerra Networks and Defendant Convergence Works LLC.  *Id.* at *1.  Strategema LLC was the parent company of Convergence.  *Id.*  The contract contained a provision that subjected

---

[4] Additionally, LTI has not attached to the Complaint the version of the Affiliate Agreement that LTI alleges Mr. Varko initially agreed to on behalf of Daizzzy network back in 2008.  There is no evidence that the original Affiliate Agreement contained a clause subjecting affiliates to jurisdiction in California or that the original Affiliate Agreement permitted LTI to modify the Affiliate Agreement unilaterally.

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

Convergence to the personal jurisdiction of California courts and PanTerra alleged that Strategema was also subject to the provision, and therefore subject to personal jurisdiction in California, because it was purportedly the real party in interest.  *Id.*

The court found that despite the jurisdictional consent found in the contract, Strategema was not subject to personal jurisdiction in California because it was not the actual party to the contract, no negotiations occurred in California, Strategema was based outside of California, and Strategema did not itself re-sell any services or conduct business directly with any service providers or end users.  *Id.* at *3.

Accordingly, the Complaint should be dismissed as to Mr. Varko because the sole basis for exercising jurisdiction over him as alleged in the Complaint is not only contradicted by the Complaint itself, but also plainly contrary to fact.  Mr. Varko was not a party to Affiliate Agreement at any relevant time, Mr. Varko did not negotiate the Affiliate Agreement in California (and in fact had not been to the United States until 2016), Mr. Varko is based outside of California, and Mr. Varko himself did not engage in any of the acts alleged in the Complaint.

## B.    Exercise of Jurisdiction Over Mr. Varko Would Otherwise Be Unconstitutional

Because the sole basis for jurisdiction over Mr. Varko set forth in the Complaint is unavailing, no further argument is necessary.  Nonetheless, in the interest of thoroughness, Mr. Varko briefly explains how any other basis that may be argued by LTI for jurisdiction over Mr. Varko would also be unavailing.[5]

In this case, it is apparent that LTI is alleging specific jurisdiction over Mr. Varko.  The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific

---

[5] Of course, given that LTI has not actually made any argument other than the one argument already debunked above, Mr. Varko must explicitly reserve his right to respond to any further basis for personal jurisdiction that LTI may attempt to raise.

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

jurisdiction.[6]  Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997)).  If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.  *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Indeed, "a higher jurisdictional barrier" exists where the defendants are aliens as opposed to simply citizens from different states "because important sovereignty concerns exist."  *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988).

Additionally, a plaintiff may not attempt to aggregate the contacts of all of the defendants.  Instead, "each defendant's contacts with the forum state must be assessed individually rather than simply viewing them collectively."  *Calder v. Jones*, 465 U.S. 783, 790 (1984).  Therefore, the general allegations in the Complaint as to "Defendants" collectively do not suffice.  *See*, *e.g.*, *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) ("The Minnesota court also attempted to

---

[6] "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006).  California's long-arm statute authorizes personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Cal. Code Civ. Proc. § 410.10; *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Therefore, the question is only whether personal jurisdiction in this case would meet the requirements of due process, which is the three-part test restated in *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

attribute State Farm's contacts to Rush by considering the 'defending parties' together and aggregating their forum contacts in determining whether it had jurisdiction.  The result was the assertion of jurisdiction over Rush based solely on the activities of State Farm.  Such a result is plainly unconstitutional."); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Leroy-Garcia v. Brave Arts Licensing*, 2013 WL 4013869 (N.D. Cal. Aug. 5, 2013) ("Plaintiff's allegations that the undifferentiated 'Brave Arts Defendants' and 'IBG Defendants' solicited and took orders from customers in the Northern District of California does nothing to show that [defendant] was a 'central figure' or 'primary participant' in the alleged infringing conduct."); *M.T. v. Metro. Interpreters and Translators, Inc.*, 2014 WL 228327 (S.D. Cal Jan. 21, 2014) ("The court further notes that Plaintiffs fail to establish, or proffer, that their claims arise from the conduct of L, as opposed to that of other named Defendants.").

In this case, there are no factual allegations in the Complaint to establish personal jurisdiction over Mr. Varko.  Instead, the Complaint only alleges that, after Mr. Varko stopped operating the Daizzzy network, VRS allegedly engaged in actions and omissions that violated LTI's rights and constituted a breach of the Affiliate Agreement.  Any other allegation regarding Mr. Varko in the Complaint are either impermissible lumpings of Mr. Varko with VRS or statements specifically stating that Mr. Varko was working on behalf of VRS.  And, as Mr. Varko's declaration filed herewith confirms, he never undertook any actions on his own behalf and certainly never undertook any of the allegedly *wrongful* actions on his own behalf nor did he ever direct anyone to do them on behalf of VRS.  And, of course, any action that Mr. Varko ever did take in connection with the Daizzzy network or VRS, he took in Ukraine or Slovenia.  And again, Mr. Varko was not a party to the Affiliate Agreement that underlies all the claims in this suit at the time

that LTI alleges "Defendants" breached it and violated its intellectual property rights.

Accordingly, LTI has not and cannot satisfy the first two requirements to exercise personal jurisdiction over Mr. Varko.  *See Pebble Beach Co. v. Caddy*, 4543 F.3d 1151, 1155 (9th Cir. 2006) ("The plaintiff bears the burden of satisfying the first two prongs of the 'minimum contacts' test.").  Specifically, because Mr. Varko was not a party to the Affiliate Agreement, he did not perform any act or consummate any transaction within California or otherwise purposefully avail himself of the privileges of conducting activities within California.  And, because Mr. Varko was at all times working out of Ukraine or Slovenia, Mr. Varko never had any "forum-related activities" from which LTI's claims could have arisen.

And lest LTI allege that Mr. Varko is subject to personal jurisdiction simply because LTI has also alleged that he is an owner, officer, or director of VRS, that argument simply cannot succeed.  "It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).

Finally, exercise of personal jurisdiction over Mr. Varko would not be reasonable.  "For jurisdiction to be reasonable, it must comport with 'fair play and substantial justice.'"  *Panavision Int'l, L.P. v. Toeppan*, 141 F.3d 1316, 1322 (9th Cir. 1998).

Facially, exercise of personal jurisdiction over Mr. Varko would be unreasonable because Mr. Varko is a Ukrainian citizen living in Slovenia.  Mr. Varko has never lived in the United States nor has he had employees, bank accounts, offices, or real estate in the United States or paid taxes in the United States.  To the extent that Mr. Varko has visited the United States for business, it

1   was not in connection with the Affiliate Agreement, but instead for other business

2   purposes a handful of times.

3        All of the work that Mr. Varko has ever done in connection with what he is

4   alleged to have done wrong in the Complaint has been done from outside of the

5   United States on servers outside of the United States.

6        Nonetheless, the Supreme Court has also set forth a number of factors for a

7   court to consider when evaluating reasonableness of personal jurisdiction: "(1) the

8   extent of a defendant's purposeful interjection; (2) the burden on the defendant in

9   defending in the forum; (3) the extent of conflict with the sovereignty of the

10  defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the

11  most efficient judicial resolution of the controversy; (6) the importance of the

12  forum to the plaintiff's interest in convenient and effective relief; and (7) the

13  existence of an alternative forum." *Panavision*, 141 F.3d at 1323 (citing *Burger*

14  *King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77(1985)).  The court must balance all

15  seven factors as none of the factors are dispositive in themselves.  *Core-Vent Corp.*

16  *v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).

17       On a whole, these seven factors weigh in favor of Mr. Varko.  As already

18  detailed, Mr. Varko has had ***no*** purposeful interjection into California or the

19  United States because he conducted no activities in these jurisdictions relevant to

20  the alleged bad acts in the Complaint.  It would also be extremely burdensome for

21  Mr. Varko to have to litigate this case in California when he lives in Slovenia.

22  Furthermore, application of United States copyright and trademark laws against

23  Mr. Varko would conflict with Slovenia's own laws on the matter, particularly

24  when Mr. Varko is not even alleged to have engaged in any infringing activities in

25  the United States.  And finally, LTI is not denied any remedy in the event that it

26  cannot bring this action against Mr. Varko in this Court.  VRS has appeared in this

27  Court and has not contested personal jurisdiction (although it certainly contests

liability) and so LTI may obtain the remedy it seeks against VRS if in fact it has any legitimate claims.  Moreover, if any copyright or trademark laws are actually implicated in this case, they would be implicated under the laws of the Republic of Cyprus (where VRS is incorporated) or the laws of Slovenia (where Mr. Varko lives and works).  Therefore, to the extent that LTI even has any legitimate claims it can pursue them in those jurisdictions.[7]  In fact, given that SLR and the Daizzzy network are operated out of Slovenia, the most efficient way to litigate this case is to litigate it there, where the witnesses and documents are located.

Based on all of the foregoing, there is no basis upon which to exercise personal jurisdiction over Mr. Varko and in fact any such exercise would be unreasonable and in violation of the Due Process clause of the Constitution.

### Conclusion

For the reasons set forth above, Mr. Varko respectfully requests pursuant to Fed. R. Civ. P. 12(b) that this honorable Court dismiss the Complaint in its entirety as against Mr. Varko.

---

[7] Both Slovenia and the Republic of Cyprus are signatories to the Berne Convention for the Protection of Literary and Artist Works, which requires that signatories recognize copyrights held by citizens of all other parties to the convention.  *See* https://www.wipo.int/treaties/en/ShowResults.jsp?treaty_id=15.

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS

Respectfully submitted,

LAW OFFICE OF MATTHEW SHAYEFAR, PC

By /s/ *Matthew Shayefar*
    MATTHEW SHAYEFAR

BOSTON LAW GROUP, PC

By /s/ *Valentin Gurvits*
    VALENTIN GURVITS
    (*pro hac vice*)

    Attorneys for Defendant V.R.S. Virtual Reality
Technology Ltd.

Dated: March 13, 2019

Varko Motion to Dismiss        Case No. 3:18-cv-02160-BEN-NLS

## <u>CERTIFICATE OF SERVICE</u>

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on March 13, 2019.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Conrad Brently Wilton
Fox Rothschild, LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
cwilton@foxrothschild.com

16

Varko Motion to Dismiss                    Case No. 3:18-cv-02160-BEN-NLS