Matthew Shayefar (SBN 289685)
Law Office of Matthew Shayefar, PC
925 N La Brea Ave
West Hollywood, California 90038
Tel: 323-948-8101 | Fax: 323-978-5556
matt@shayefar.com

Val Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1804 | Fax: 617-928-1802
vgurvits@bostonlawgroup.com

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA TOURAINE, INC., <br>    Plaintiff <br><br> vs. <br><br> IVAN VARKO, and <br> V.R.S. VIRTUAL REALITY TECHNOLOGY LTD, <br>    Defendants | Case No.: 3:18-cv-02160-BEN-NLS <br><br> **DECLARATION OF IVAN VARKO IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| V.R.S. VIRTUAL REALITY TECHNOLOGY LTD., <br>    Counterclaim-Plaintiff, <br><br> vs. <br><br> LA TOURAINE, INC., <br>    Counterclaim-Defendant | Judge:    Hon. Roger T. Benitez <br> Date:     April 22, 2019 <br> Time:    10:30am <br> Courtroom: 5A |

I, Ivan Varko, do hereby declare:

1. My name is Ivan Varko. I am over the age of 18 years. I am named as a defendant in the above captioned action and I am also a manager for the Defendant V.R.S. Virtual Reality Technology Ltd., a Republic of Cyprus company ("VRS"). I make this declaration based upon personal knowledge and, where applicable, my consultation with VRS personnel and my review of business records. All statements contained in this declaration are true and correct to the best of my knowledge. If called as a witness, I could and would competently testify as to the facts set forth herein.

2. I was born in Ivanivka Village in the district of Ternopil in what was at the time the Ukrainian Soviet Socialist Republic. I remain a citizen of Ukraine to this day.

3. I lived in Ukraine until July of 2014, when I moved to Slovenia with my family to pursue business. I have lived in Slovenia since July of 2014 and I currently live in the city of Ljubljana in Slovenia.

4. I am a manager of VRS, which owns a variety of online business ventures, including an affiliate network and a virtual reality video service called Sex Like Real.

5. VRS as a company was opened in or about December of 2016.

6. Prior to VRS, I was also involved in affiliate networks through other entities.

7. At all times, substantially all of the work that I have ever done relating to affiliate networks or VRS, or anything else for that matter, I have done from Ukraine (while I was living there) or Slovenia (since I moved there in July of 2014).

8. The office where I currently do substantially all of my work is in Ljubljana, Slovenia.

9. One such affiliate program that I was involved in was the Naughty America affiliate program that I understand is operated by the Plaintiff La Touraine, Inc. ("LTI"). In my capacity as a manager of the "Daizzzy" network of websites, in 2008 I signed up for Daizzzy to be a part of the Naughty America affiliate program.

10. When I signed up for the Naughty American affiliate program for Daizzzy in 2008, the "Naughty Revenue Affiliate Agreement" that is attached as Exhibit A to the Complaint in this matter was not the document that Daizzzy agreed to.

11. Nonetheless, in or about July of 2014, when I moved to Slovenia, the affiliate relationship between Daizzzy and LTI was transferred to another business entity called Infomediji d.o.o., a Slovenian company, which operated the affiliate network for Daizzzy and which became the contracting party for LTI under the affiliate relationship.

12. Thereafter, when VRS was formed in December of 2016, VRS took over the affiliate network and became the contracting party for LTI under the affiliate relationship.

13. Accordingly, at *no* times relevant to issues set forth in the Complaint, and certainly at no time later than July of 2014, was I personally operating the Daizzzy affiliate network or personally performing any of the alleged breaches and infringements that LTI alleges occurred in the Complaint. The affiliate network that LTI alleges was violating LTI's rights and breaching the affiliate program's terms were owned and operated by the companies (e.g., Infomediji and VRS) – *not me*.

14. At no time did I ever use any of LTI's intellectual property to direct users to Sex Like Real, nor did I ever direct any person to do so.

15. At no time did I ever upload any of LTI's intellectual property to Pornhub, xHamster.com, av2all.com, Thumbzilla.com, CarambaTube.tv, 16Honeys.com, PinkClips.mobi, iPornTV.net or any other tube sites, nor did I ever direct any person to do so.

16. At no time did I ever make any links or buttons stating "NaughtyAmerica VR" that lead users to any pages within VRPornUpdates.com nor did I ever direct anyone to do so. I should also note that I do not own or operate www.VRPornUpdates.com.

17. At all times relevant to the allegations made in the Complaint in this action, any communications I had with LTI were on behalf of VRS in my capacity as a manager for VRS, and not in my personal capacity.

18. At no times relevant to the allegations made in the Complaint have I ever purchased any search engine keywords that incorporate any of LTI's trademarks, nor did I ever direct any person to do so.

19. I have never lived in the United States. I have only visited the United States for trade shows one or two times a year since January of 2016 solely in connection with technological and business matters for VRS's Sex Like Real application, and not in connection with any affiliate network I have worked with.

20. At no time have I personally ever used any hosting service in the United States for any purpose, including the affiliate network that LTI alleges violated its rights. Currently, VRS's primary hosting provider is the German company Hetzner.de.

21. None of LTI's promotional content that was being shared as part of the Daizzzy affiliate network was ever hosted on servers located within the United States (including California).

22. Neither I nor VRS have ever had any employees in the United States (including California).

23. Neither I nor VRS have ever had any bank accounts in the United States (including California).

24. Neither I nor VRS have ever had any offices in the United States (including California).

25. Neither I nor VRS have ever owned or leased any real estate in the United States (including California).

26. Neither I nor VRS have ever paid any income taxes in the United States (including California) nor have we ever filed tax returns in the United States (including California).

27. I have never engaged in any persistent conduct in California or the United States.

28. I have never derived revenue from services that I have rendered in California or the United States.

29. I have never had an agent for service of process in California or the United States.

30. I have never intended to subject myself to the jurisdiction of the courts of California or the United States.

31. Because I do not own or operate the affiliate network that LTI alleges violated its rights, I do not directly personally benefit from any off the acts LTI alleges violated its rights in the Complaint.

1 | I declare under penalty of perjury that the foregoing are true and correct.

3 | Executed on March 13, 2019.

_____
Ivan Varko